MISSISSIPPI VALLEY GAS COMPANY *v.* BOYDSTUN

No. 40253          January 28, 1957          92 So. 2d 334

12

*Wright, Overstreet & Kuykendall,* Jackson; *Livingston & Fair,* Louisville, for appellant.

16

*Boydstun & Boydstun,* Louisville, for appellee.

*Green, Green & Cheney, Hedgepeth, Ewing & Hedgepeth, E. W. Stennett, Avery & Putnam,* Jackson; *Eaton, Cottrell & Galloway,* Gulfport, Amici Curiae.

20.

Holmes, J.

The appellee, R. W. Boydstun, Jr., filed his original bill in the Chancery Court of Winston County against the appellant, Mississippi Valley Gas Company, seeking a mandatory injunction to require the appellant to remove its gas distribution line from the highway right of way abutting the property of the appellee, and claiming compensation, consequential damages, and punitive damages by reason of the construction and installation of the appellant's said gas distribution line in the highway right of way.

It was alleged in the original bill that the appellee was the owner in fee of the right of way across which said distribution line was laid subject to the right of the Mississippi State Highway Commission to use the same for highway purposes. It was further alleged that in the construction of said line the appellant had caused damage to the abutting property of the appellee. The appellee demanded in his original bill $100 actual damages to his land, punitive damages in the amount of $150, and compensation by way of rental for the use of the land in the amount of $250. The appellant in its answer denied all of the material allegations of the original bill and averred that it had not entered upon and laid its distribution line on the land in question without authority, denied that the appellee's property had been in any manner damaged, and denied any liability to the appellee for damages, actual or punitive, and for a rental

charge for the use of the land occupied by said distribution line, and without admitting any trespass upon the property of the appellee, tendered with its answer the sum of $25 in full of any damages for any technical trespass which the court might find to have been committed, and further the appellant challenged the jurisdiction of the court to hear the cause. The court heard the cause first on the question of jurisdiction, and held that the chancery court was without jurisdiction, and that the complainant had a full and adequate remedy at law and ordered the cause transferred to the Circuit Court of Winston County.

Thereafter the appellee, as plaintiff, timely filed his declaration in the Circuit Court of Winston County alleging as the basis of his suit the same grounds upon which he relied in his bill of complaint originally filed but demanding the sum of $500 as actual and punitive damages, $500 damages to his land as the result of an unlawful trespass thereon, and $1,000 by way of rental for the use of said land so occupied by the appellant's distribution line.

The appellant answered the declaration denying all of its material allegations and plead affirmatively that its gas distribution line had been laid in the highway right of way pursuant to the authority of the statutes of the State of Mississippi, and that it was so constructed below the surface of the ground as not to interfere with the rights of the appellee in the use and enjoyment of his abutting property, and the appellant again without admit'ing any trespass upon the property of the appellee tendered with its answer the sum of $25 in full of any damages for any technical trespass which the court might find to have been committed.

A trial by jury was had in the circuit court, and upon the conclusion of the evidence the trial court denied the appellant's request for a peremptory instruction and submitted the case to the jury upon instructions for the

appellee which denied to the appellee the right to recover punitive damages but which were otherwise peremptory in nature in favor of the appellee. No cross-appeal has been prosecuted from the action of the court in deying to the appellee the right to recover punitive damages, and such damages, therefore, are not involved on this appeal.

In brief the instructions for the appellee instructed the jury that the laying of the distribution gas line in the highway abutting the appellee's property constituted an additional burden or servitude on the abutting property of the appellee, and that the appellee was entitled to recover compensation by way of rent from the appellant for the use of the land occupied by the gas distribution line, and peremptorily instructed the jury to find for the appellee and assess such damages as they found from the evidence that the appellee had sustained to his land by reason of the laying of said distribution line in the highway right of way, and to award to the appellee compensation by way of rental for appellant's use of the land for its distribution line.

The jury returned a verdict in favor of the plaintiff, appellee here, which verdict read as follows: "We the jury find in favor of plaintiff $200 rental for land, $200 for damages, which the total will be $400." Judgment was accordingly entered in favor of the plaintiff pursuant to the verdict rendered. The appellant appeals from this judgment.

The facts of the case are substantially as follows: The lot here involved is located just outside of the corporate limits of the City of Louisville and is of dimensions 115 feet in width with a depth of 330 feet, extending south from the center of State Highway No. 14. At the time of the installation of the gas distribution line in question the lot was a vacant lot. It was part of a tract of land originally acquired by R. W. Boydstun, the father of the appellee, from R. E. Jernigan on the 29th day of

June, 1929. On the 19th day of May, 1939, R. W. Boydstun and his wife, Mrs. R. W. Boydstun, by warranty deed sold and conveyed to the State Highway Commission of Mississippi for a recited consideration of $125 a strip of land 50 in width extending through, over, on and across the lot here involved. The conveyance contained a recital that the right of way was for a "proposed highway as now surveyed and shown by the plans for said highway on file in the office of the State Highway Commission at Jackson, Mississippi, and known as Federal Aid Project No. Miss.PWA1269-F-336-A between Louisville and Macon, and said plans are hereby specifically referred to and made a part hereof by reference." The deed further contained the following provision: "It is further understood and agreed that the consideration herein named is in full payment and settlement and (for) all claims or demands for damage accrued, accruing, or to accrue to the grantors herein, their heirs, assigns, or legal representatives for or on account of the construction of the proposed highway, change of grade, water damage, and/or any other damage, right or claim whatever."

By deed dated February 16, 1955 and filed for record on July 5, 1955, R. W. Boydstun, Sr., and his wife conveyed to the appellee and his wife the lot here in question for a consideration of $10 and other good and valuable considerations. This conveyance contained the following clause: "This conveyance is subject to the present highway right of way and easements for existing water, sewer and gas mains now across said lot."

In the latter part of April 1955, the appellant, pursuant to the authority of the Mississippi State Highway Commission laid a gas distribution line across the highway right of way on the north portion of the lot here in question for the purpose of supplying natural gas to customers desiring it. The distribution line was laid in that portion of the highway south of the center line thereof and within about 2 feet of the south line of the high-

way right of way. It was laid wholly in the right of way. It was a two-inch low pressure line, meaning thereby having a pressure of less than 50 pounds, and was installed in a trench from 36 to 42 inches deep, the trench having been dug by a ditch-digging machine. After laying the pipeline, the trench was filled up and the original condition of the highway restored so as not to interfere with the use of the right of way for highway purposes. The proof is undisputed that the laying of the pipeline resulted in no depreciation in the value of the appellee's property and that its existence in the right of way caused no damage to the appellee or the abutting property and created no danger or hazard to travelers or others on the highway. In fact, the appellee does not claim that the value of his property was depreciated by reason of the laying and existence of the line in the highway abutting his property. The appellee, however, claims that the pipeline was laid at a time when there had been heavy rains and the soil was soft and that the appellant ran its ditch-digging machine diagonally across the lot of the appellee causing holes and depressions therein and damaging the same to the extent that it would necessitate the expenditure of about $500 to restore the same. The appellee testified that he was on the premises one afternoon and observed the tractor and ditch-digging machine of the appellant on the adjoining lot of Carl Rogers, and that when he returned the next day the tractor and ditch-digging machine were gone and there were tracks and holes diagonally across his lot appearing to have been made by the tractor and ditch-digging machine crossing the lot diagonally. This testimony of the appellee was not contradicted by the appellant and the appellant offered no affirmative proof to the effect that it did not run its tractor and ditch-digging machine diagonally across the appellee's lot and create the damage thereto as testified to by the appellee. We think that the jury was warranted by this evidence in finding that the ap-

pellee's lot was damaged by the appellant in running its tractor and ditch-digging machine across the appellee's lot and in awarding damages to the appellee therefor in the sum of $200, and that the judgment of the court below as to this item of damages should be affirmed.

The remaining and more important question concerns the claimed right of the appellee to recover of the appellant rent for the use of the land occupied by the appellant's gas distribution line in that portion of the highway right of way abutting the property of the appellee. The court below, in its instructions to the jury, authorized such recovery and the jury awarded such recovery in the sum of $200. The appellant contends that the trial court erred in so instructing the jury and that the judgment of the court below should be reversed and judgment rendered here for the appellant as to the item of rent. The appellee contends the contrary and argues that the existence of the distribution line in the highway right of way constitutes an additional servitude or burden on his abutting property for which he as the owner of the fee in the land should be compensated in the form of rent. In support of this contention, he relies upon the prior decisions of this Court in the cases of Whitworth v. Mississippi State Highway Commission, 203 Miss. 94, 33 So. 2d 612; Wilmut Gas and Oil Company, et al v. Covington County, 221 Miss. 613, 71 So. 2d 184, and Berry v. Southern Pine Electric Power Association, 222 Miss. 260, 76 So. 2d 212.

After a painstaking examination of the entire record and the elaborate briefs of counsel and the authorities cited therein we have reached the conclusion that the aforesaid contention of the appellant is sound and that it should prevail.

The question presented is to be solved in the light of the facts of this particular case, and in the light of statutes of the State of Mississippi in force at the time of the conveyance to the State Highway Commission of the

land comprising the right of way, and with due regard being had for Section 17 of the Mississippi Constitution of 1890, providing that private property shall not be taken or damaged for public use except on due compensation being made to the owners thereof. It is not controverted that although the original conveyance to the State Highway Commission of the land comprising the right of way purported to be a conveyance of the fee, the State Highway Commission acquired only an easement or right of way over the land for highway purposes with such rights, powers, and privileges as provided in the statutes then in force. Whitworth v. Mississippi State Highway Commission, supra. Neither can it be controverted that the appellee by the subsequent conveyance of the land to him became the owner of the fee subject to the right of way or easement theretofore granted to the State Highway Commission and subject to such rights, powers and privileges as were granted to the State Highway Commission and public utility companies by the public statutes of the State of Mississippi. It is pertinent to examine certain of these statutes.

Section 2780 of the Code of 1942, which originated in Chapter 291, Mississippi Laws of 1922, provides among other things as follows:

"All companies or associations of persons, incorporated or organized, for the purpose of building or constructing pipe lines and appliances for the conveying and distribution of oil or gas or for the purpose of constructing, maintaining and operating lines for transmitting electricity for lighting, heating and power purposes, are hereby empowered to exercise the right of eminent domain in the manner now provided by law, to build and construct the said pipe lines and appliances along or across highways, . . . and public lands. . . . . all such companies or associations shall be responsible in damages for any injuries caused by such construction or use thereof.''

By subsection (f) of Section 8038 of the Mississippi Code of 1942, brought forward from Chapter 47 of the Mississippi Laws of 1930, the State Highway Commission was granted authority as follows:

"To make proper and reasonable rules, regulations and ordinances for the placing, erection, removal or relocation of telephone, telegraph or other poles; sign boards, fences, gas, water, sewerage, oil or other pipe lines, and other obstructions that may in the opinion of the Mississippi highway commission contribute to the hazard upon any of the state highways, or in any way interfere with the ordinary travel, upon such highways or the construction, or reconstruction thereof, and to make reasonable rules and regulations for the proper control thereof. . . . .

"And whenever the order of the state highway commission shall require the removal of, or other changes in the location of telephone, telegraph or other poles, sign boards, gas, water, sewerage, oil, or other pipe lines or other similar obstructions, the owners thereof shall at their own expense move or change the same to conform to the order of the said state highway commission. . . . ''

The aforesaid statutes were in force and effect at the time of the conveyance by R. W. Boydstun and his wife to the Mississippi State Highway Commission of the highway right of way on May 19, 1939, and were also in force and effect at the time the appellee acquired title to the property in question by deed from R. W. Boydstun and wife dated February 16, 1955 and filed for record on July 5, 1955, and which by its express terms was made "subject to the present highway right of way and easements for existing water, sewer and gas mains now across said lot.''

These statutes and other analogous statutes came under review by this Court in the cases of Wilmut Gas & Oil Company v. Covington County, supra, and Berry v.

Southern Pine Electric Power Association, supra, and we held that the legislature in enacting the statutes had declared, with full authority to do so, a public policy of encouraging the development of the oil and gas and electric power industries in this State by giving them the right to build or construct pipelines and electric power lines along and across highways and public lands. We further held, however, that the statutes should be given a reasonable interpretation so as to bring them within constitutional limitations.

In the case of Wilmut Gas and Oil Company v. Covington County, supra, the County sought to recover of the gas company rent for its occupancy of sixteenth section lands by its gas line. The court permitted such recovery upon the ground that the State could not make an uncompensated grant of an easement or right of way across sixteenth section lands for a gas pipeline because of Sections 95 and 211 of the Mississippi Constitution of 1890 prohibiting the donation or sale of such lands. The decision was confined solely to sixteenth section lands, the Court saying: "We consider only the application of Section 2780 and Mississippi Constitution Sections 95 and 211 to a pipeline right of way over sixteenth section lands." This case, therefore, has no application to the case now before us since we are here dealing with rights with respect to privately owned abutting land.

In the case of Berry v. Southern Pine Electric Power Association, supra, Berry sought to recover of the power association damages alleged to have been sustained by him because of the erection of poles and electric power lines in the highway right of way adjacent to his property and to obtain a mandatory injunction to require the removal of said poles and electric power lines. On March 13, 1939, Berry had sold and conveyed to the State Highway Commission a right of way for highway purposes by a deed similar in its terms to the deed in the case before us. The proof showed that the poles and electric

power lines had been placed on the highway right of way by the authorities of the State Highway Commission. Berry testified without contradiction that the construction of an electric power line on the right of way was not mentioned nor taken into consideration in determining the price or consideration to be paid him by the State Highway Commission for the right of way. The complainant's proof further showed that the electric power lines were considered dangerous in that they were likely to fall or be blown down and they would interfere with television and radio reception, and that as a result the fair cash market vaule of his land was reduced from $12,000 to $10,000. One witness for the power association testified that in his opinion Berry's property was not damaged by the presence of the electric power lines in the highway right of way.

We held in the Berry case that the statutes authorizing the construction of electric power lines along the highways of the State should be so construed as not to bring them in conflict with Section 17 of the Mississippi Constitution providing that private property shall not be taken or damaged for public use except on due compensation made to the owner or owners thereof, and that if as argued these statutes which were in force at the time of the conveyance of the right of way are to be deemed written into the conveyance, then "even so, the statute assured him that all such companies or associations should be responsible in damages for any injuries caused by the construction or *use of an electric power line* over the land described in the conveyance."

We further held in the Berry case that under the complainant's proof the presence of the electric power line on and along the highway right of way constituted an additional servitude or burden on the property of the abutting owner and that he was entitled to recover such damages as he was caused to suffer by the construction of the electric power line or the use of the electric power

line on and over the right of way, and we reversed the case for a new trial on the question of actual damages. On the right of the abutting property owner to recover damages where the public utility has laid its lines in the highway right of way pursuant to statutory authority, we stated the test in the Berry case as follows: ". . . . we think the test should be whether or not the rights of the abutting land owner have been encroached upon at all to his damage." While the facts of the Berry case are different from the facts of the case at bar in that in the Berry case there was proof of damage while in the case at bar there was no proof of damage, we think that the pronouncements in the Berry case are applicable to the case before us.

It is undisputed in this case that the statutes in question were in force at the time of the conveyance of the right of way to the State Highway Commission. We are of the opinion that these statutes should, therefore, be read into the conveyance. It is a well recognized rule that the law in force at the time a contract is made forms a part of it and is written into the contract as much as if expressly incorporated therein. 12 Am. Jur., Contracts, Sec. 240, p. 769; Tucker Printing Company v. Board of Supervisors, 171 Miss. 608, 158 So. 336. It is further undisputed that the presence of the gas distribution line in the highway right of way caused no injury or damage to the abutting property of the appellee, and no depreciation in the value of such property, and that it constituted no additional burden or servitude on such property. The original conveyance, with the aforesaid statutes read into it, contemplated the use of the right of way by the gas company for the laying of its distribution line subject to the approval of the State Highway Commission, and such subsequent use with the approval of the State Highway Commission constituted no new or additional use for which the appellee was entitled to compensation except upon a showing that

his rights as an abutting land owner were encroached upon to his damage. The undisputed proof is that the use of the right of way for the distribution line caused no damage to the property of the appellee and no depreciation in its value. These facts do not show a taking of the appellee's property within the contemplation of Section 17 of the Mississippi Constitution. ■■■ We are of the opinion, therefore, that under the facts of this case and under the test laid down in the Berry case, supra, the appellee was not entitled to recover of the appellant a rental charge for the use of the right of way for its distribution line.

■■■ We are further of the opinion that the language of the statute now brought forward as Section 2780 of the Code of 1942 as to the payment of damages for "any injury caused by such construction or use thereof." does not contemplate the right to recover rent for the use of the highway right of way in which the distribution line is located insofar as it applies to privately owned abutting lands. The Wilmut case is not controlling to the contrary, since it dealt solely with sixteenth section lands and the constitutional prohibitions against the sale or donation of such lands. We think that the language "injury caused by such construction or use thereof" means, with respect to abutting lands of individuals, damages by reason of any injury caused by the construction of the line or the *use of the line*. In other words, the language contemplates damages resulting from the use of the line in the highway right of way and not the use of the highway right of way for the location of the line. Such construction was given to this language in the Berry case wherein the Court said: "Even so the statute assured him that all such companies or associations should be responsible in damages for any injuries caused by the construction or *use of an electric line* over the land described in the conveyances." In the case before us the undisputed facts are as admitted by the

appellee himself that the presence of the gas distribution line in the highway right of way caused no damage to or depreciation in the value of his abutting property.

There is a further reason, however, why in our opinion rent is not recoverable by the appellee in this case. The appellee could not have contracted with the gas company for a user of the right of way and thereby vested the appellant with the right to lay its pipeline in the highway right of way because the right to do so was by statute made subject to the rules, regulations and requirements of the Mississippi State Highway Commission; nor could the appellee have so contracted with any assurance to the gas company that it would not be disturbed in its possession because the State Highway Commission was by statute authorized to at any time order the removal from the highway right of way of the distribution line. The appellee, therefore, had no present interest which he could transfer in the form of an easement to the appellant and at the same time vest the appellant with the right of possession or occupancy. Since he had nothing that he could convey, there was not a taking from him of a vested property right, nor was there an invasion of his property, nor was there a violation of his rights under Section 17 of the Mississippi Constitution of 1890.

It is accordingly our conclusion, and we hold, that the appellee is not entitled to recover of the appellant rent for the use of the highway right of way for the appellant's distribution line, and that the instructions granted to the appellee by the trial court authorizing such recovery were fatally erroneous and necessitate the reversal of the judgment of the court below insofar as it awards the recovery for rent.

The judgment of the court below is therefore affirmed insofar as it awards to the appellee the sum of $200 for damages to the appellee's land, and reversed insofar as it awards to the appellee rental for land in the sum

of $200, and judgment is rendered here for the appellant as to the said item of rent.

The appeal costs will be divided in equal proportion between the appellant and the appellee.

The motions of the appellee to strike briefs, including amicus curiae briefs, are overruled.

Affirmed in part, reversed in part, and judgment here for appellant as to the item of rent.

*Roberds, P. J.,* and *Lee, Arrington* and *Ethridge,* JJ., concur.