Mrs. Nina P. DAVIS, Mrs. Mary Rogers Davis Jones, and Mrs. Page Davis Parker, Plaintiffs,

v.

SOUTH CENTRAL BELL TELEPHONE COMPANY, Defendant.

Civ. A. No. W79–0028(R).

United States District Court, S. D. Mississippi, W. D.

Nov. 27, 1979.

John E. Mulhearn, Jr., Mulhearn & Mulhearn, Natchez, Miss., for plaintiffs.

W. Scott Welch, III, George H. Butler; Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., E. C. Ward, Adams, Forman, Truly, Ward, Smith & Bramlette, Natchez, Miss., for defendant.

## MEMORANDUM DECISION AND FINDINGS OF FACT AND CONCLUSIONS OF LAW

DAN M. RUSSELL, Jr., Chief Judge.

This memorandum opinion and decision sets forth the Court's findings of fact and conclusions of law in this case.

This diversity case involves the right of South Central Bell Telephone Company (South Central Bell) to maintain its tele-

phone lines and facilities in the public right-of-way of a state highway. The suit originated when plaintiffs filed suit in the Chancery Court of Adams County, Mississippi. Subsequently, South Central Bell removed the case to this Court.

After the pleadings were closed, South Central Bell filed a motion for judgment on the pleadings, or, in the alternative, for summary judgment. South Central Bell also filed an affidavit and certain supporting documents in support of its motion, and this affidavit was not controverted. Subsequently, plaintiffs filed their cross motion for judgment on the pleadings, or, in the alternative, for summary judgment.

All parties are in agreement that there is no issue of fact in this case, and that the material facts are set forth in the pleadings or are undisputed.

Following submission of briefs by both parties, the Court heard oral argument, and now makes the following findings of fact and conclusions of law.

### Findings of Fact

1. The plaintiffs herein, Mrs. Nina P. Davis, Mrs. Mary Rogers Davis Jones, and Mrs. Page Davis Parker are resident citizens of Adams County, Mississippi, and are the owners of certain real property known as "The Grove Plantation" and described in the complaint. Defendant South Central Bell is a Delaware corporation qualified to do business in Mississippi, and is a regulated public utility providing telephone service in Mississippi and certain other states. South Central Bell is the successor of Southern Bell Telephone and Telegraph Company in Mississippi, having succeeded to the rights of Southern Bell in 1968.

2. The plaintiffs acquired their title to Grove Plantation by devise from Rogers G. Davis, now deceased. During his lifetime, in 1936 the said Rogers G. Davis, and Mrs. Nina P. Davis, executed a right-of-way conveyance to the Mississippi State Highway Commission, granting a public highway right-of-way through the property of plaintiffs that is described in the complaint. Subsequently, U.S. Highway 61 was con-structed on and along said right-of-way. In 1970, plaintiffs acquired title to Grove Plantation by devise from Rogers G. Davis.

3. In 1976, in order to provide telephone service to the public, it became necessary for South Central Bell to construct certain additional telephone lines and facilities, including a telephone repeater station, in the vicinity of the Highway 61-Grove Acres Road intersection in Adams County. To provide the needed service, South Central Bell decided to install these lines and facilities on the public right-of-way of U.S. Highway 61 South, bordering plaintiffs' property. Accordingly, South Central Bell made application and submitted a plan to the State Highway Department for a permit to construct its lines and facilities on the highway right-of-way.

4. Thereafter, in 1977, the State Highway Department approved the application and plan, and granted South Central Bell a permit to construct its telephone lines and related facilities, including a telephone repeater station, on the right-of-way of U.S. Highway 61, bordering plaintiffs' property.

5. Later, pursuant to said permit, South Central Bell constructed and installed its said telephone lines and related facilities on the public right-of-way. Since that time, these lines and facilities have been an integral part of defendant's telephone system that provides telephone service to the public.

6. In 1979, plaintiffs filed this suit in the Chancery Court of Adams County, and defendant removed the case to this Court. In brief, the complaint alleged that the plaintiffs are the owners of certain real property in Adams County, Mississippi, which is particularly described in the complaint; that plaintiffs derived their title through Rogers C. Davis who died in 1970; that during his lifetime Rogers C. Davis, and Mrs. Nina P. Davis, executed a right-of-way conveyance to the Mississippi State Highway Commission; that in 1977 defendant constructed a telephone repeater station within the right-of-way previously granted to the State Highway Commission; that the actions of

the defendant cast a cloud, doubt, and suspicion on the title of plaintiffs to Grove Plantation and that plaintiffs are entitled to have said claim cancelled; that the acts of the defendant were such as to entitle the plaintiffs to recover solicitor's fees; and that plaintiffs are entitled to a decree for mandatory injunctive relief requiring defendant to remove its facilities from the aforesaid right-of-way.

7. Defendant filed an answer in which it admitted that during the year 1977 it installed and constructed its telephone repeater station and related facilities on and along the right-of-way of U.S. Highway 61 in Adams County, Mississippi, in accordance with an application and plan approved by the Mississippi State Highway Department, and admitted that said public right-of-way bordered Grove Plantation. The answer further averred that the lines and facilities so installed and constructed were located on the right-of-way of a public highway, and affirmatively alleged that under the law of Mississippi, South Central Bell had and has the right to construct, maintain, and operate its lines and facilities on and along said public right-of-way, as such facilities are presently located.

8. South Central Bell's answer specifically denied that the plaintiffs were entitled to injunctive relief or to any other relief. South Central Bell also filed a counterclaim in which it adopted and reiterated the denials and averments of its answer. Plaintiffs filed an answer to South Central Bell's affirmative defenses and South Central Bell's counterclaim. Subsequently, the plaintiffs and the defendant filed the motions hereinabove described.

9. It is undisputed that the telephone lines and facilities in question are within the boundaries of the public right-of-way that plaintiffs' predecessor in title conveyed to the Highway Commission in 1936. It is likewise undisputed that South Central Bell acted in complete good faith in installing and constructing its telephone lines and the repeater station on the public right-of-way, and did so pursuant to authority from the State Highway Commission.

10. The plaintiffs do not allege or claim any actual damages in this case. As stated above, however, the complaint alleges that plaintiffs are entitled to solicitor's fees.

### Conclusions of Law

1. The principal issue in this case is whether abutting landowners are entitled to require the removal of public utility telephone facilities that have been placed within the public right-of-way of a state highway pursuant to statutory authority. South Central Bell contends that, by operation of law, the Mississippi statutes granting telephone companies the right to use and occupy highway rights-of-way with their facilities were automatically written into and became a part of the 1936 right-of-way conveyance from plaintiffs' predecessor in title to the State Highway Commission, and that therefore said right-of-way conveyance contemplated and authorized the use and occupancy of the highway right-of-way by South Central Bell. On the other hand, plaintiffs contend that South Central Bell has no right to occupy the right-of-way unless and until it exercises the power of eminent domain against the abutting landowners, and acquires from them the right to occupy the right-of-way. Plaintiffs contend that a contrary conclusion would violate Section 17 of the Mississippi Constitution of 1890.

2. In this diversity case, this Court must apply the law that would be applied by the courts of Mississippi. For the reasons hereinafter discussed, this Court is of the opinion and holds that this case is governed by the principles announced in *Berry v. Southern Pine Electric Power Association*, 222 Miss. 260, 76 So.2d 212 (1954) and *Mississippi Valley Gas Company v. Boydstun*, 230 Miss. 11, 92 So.2d 334 (1957).

3. The established public policy of Mississippi is to encourage the development of public utilities by granting them the right to occupy the rights-of-way of the public highways with their lines and facilities. To this end, the Mississippi legislature has enacted numerous statutes authorizing utilities to construct their facilities in the public

highways. See, for example, *City Council of Greenville v. Thomas,* 241 Miss. 633, 131 So.2d 659, 662 (1961); *Gandy v. Public Service Corp.,* 163 Miss. 187, 140 So. 687 (1932); and *Vines v. Southwestern Mississippi Electric Power Association,* 241 Miss. 120, 129 So.2d 396, 398 (1961).

4. By *Chapter 38, Mississippi Laws of 1886,* the Mississippi legislature granted to telephone companies the right to construct their lines and facilities in the highways, roads, streets, and public places of Mississippi. This 1886 grant to telephone companies was reconfirmed by subsequent statutes and now appears as *Section 77–9–711, Mississippi Code of 1972.* As the successor of Southern Bell Telephone and Telegraph Company in Mississippi, South Central Bell has a vested right to use and occupy the public highways, roads, and streets with its telephone lines and facilities. *Southern Bell Telephone and Telegraph Company v. City of Meridian,* 241 Miss. 678, 131 So.2d 666, 670 (1961).

5. As previously stated, this Court considers that the *Berry* case and the *Boydstun* case, *supra,* are controlling here. In *Berry,* Berry sought to recover actual and punitive damages alleged to have been sustained by him because of the erection of high voltage electric power lines and poles in the highway right-of-way adjacent to his property. Berry's evidence showed that the lines were dangerous and caused actual damage to his property. He also sought a mandatory injunction to require the removal of the poles and electric power lines. The lower court dismissed the suit. On appeal, the Supreme Court held that the lower court decree should be affirmed insofar as it denied the injunction sought to require the removal of the electric lines from the right-of-way, and also insofar as it denied punitive damages. The Supreme Court held, however, that the case should be remanded for trial on the question of actual damages to Berry's property. The Court held that the electric power company had the right to maintain its power lines on the right-of-way, but subject to an obligation to pay actual damages under Section 17 of the Mississippi Constitution. Hence, Berry was not entitled to re-

quire removal of the utility facilities, although he could recover for any actual damage to his property.

6. In 1957, the Mississippi Supreme Court decided the *Boydstun* case and elaborated upon the decision in *Berry.* In *Boydstun,* the Court held that when a landowner executes a right-of-way conveyance to the State Highway Commission, the statutes granting public utilities the right to use the public highways and streets are, as a matter of law, written into and become a part of the right-of-way conveyance; therefore, the right-of-way conveyance includes a grant of the right to construct and maintain public utility facilities in the right-of-way. Consequently, the Court held that the landowner was not entitled to any recovery unless he showed actual damages to his property. The Court also held that the landowner could not recover compensation or rental for the use of the right-of-way by public utilities, because such use was authorized by the right-of-way conveyance. The Boydstun case was decided in 1957, and it has not been modified or departed from in any subsequent decision of the Mississippi court.

7. Under the *Berry* and *Boydstun* cases, the Mississippi rule is that when a landowner or his predecessor has granted a right-of-way to the State Highway Commission, public utilities have the right to use and occupy the right-of-way with their facilities, but subject to liability for actual damages to the abutting property, if there are any such damages. However, a landowner cannot compel the removal of the facilities and cannot recover rental or compensation for the use of the right-of-way by public utilities.

8. Accordingly, this Court concludes and holds that the position of defendant South Central Bell is well taken. The undisputed facts show that in 1936 plaintiffs' predecessor in title, Rogers G. Davis (and Mrs. Davis) conveyed a public right-of-way to the State Highway Commission across the property in question. Under Mississippi law, the statutes authorizing telephone companies to occupy the public highway rights-of-

way were automatically written into, and must be read as a part of this 1936 right-of-way conveyance to the State Highway Commission. Therefore, the public easement granted by that right-of-way conveyance authorized and contemplated the use of the right-of-way for telephone lines and facilities. The plaintiffs acquired title by devise from Rogers G. Davis and therefore acquired title subject to the existing right-of-way conveyance to the State Highway Commission, and subject to the right of telephone utilities to use and occupy said right-of-way.

9. The lines and facilities of South Central Bell, including the telephone repeater station, are located in the public right-of-way conveyed to the State by Rogers G. Davis, and were installed therein pursuant to authority from the Mississippi legislature and the State Highway Commission.

10. In view of the foregoing, the lines and facilities of South Central Bell were and are properly constructed and located in the public highway right-of-way pursuant to lawful authority and plaintiffs have no right to compel their removal.

11. For the reasons hereinabove discussed, the Court concludes and holds that the motion of South Central Bell for summary judgment should be and the same hereby is granted.

12. An order will be entered in accordance with this opinion.