WHITWORTH et al. v. MISSISSIPPI STATE HIGHWAY COMMISSION.

(In Banc. Jan. 12, 1948.)

[33 So. (2d) 612. No. 36481.]

Ray, Spivey & Cain, of Canton, and Watkins & Eager, of Jackson, for appellants.

100

Greek L. Rice, Attorney General, by James T. Kendall and John Kuykendall, Jr., Assistant Attorneys General, and Heidelberg & Roberts, of Hattiesburg, for appellee.

Greek L. Rice, Attorney General, by James T. Kendall and John Kuykendall, Jr., Assistant Attorneys General, for appellee, on suggestion of error.

Argued orally by Pat H. Eager, for appellants, and by Jas. T. Kendall, for appellee.

ON SUGGESTION OF ERROR.

Alexander, J., delivered the opinion of the court on suggestion of error.

Appellees state in their brief on suggestion of error, ''For obvious reasons, the appellant herein might well

be justified in conceiving that the judgment of the Court is much less favorable than a decree holding the instruments to convey an easement alone, and it would appear that the appellants as well as the appellee are entitled to a determination of this question." This suggestion is favorably received.

It is urged that the Statute provides for acquisition of "lands" by other means, to-wit by gift or otherwise. Code 1942, Sections 8023, 8038. Yet, in all events it must be "necessary for a state highway system" or for the purpose of obtaining "road building materials" or for the promotion of "the safety and convenience of traffic."

Code 1942, Sections 8023, 8038, authorizes the Commission "to obtain and pay for rights of way," and to this end "may condemn . . . or acquire by gift or purchase lands containing road building materials . . . to condemn or to acquire by gift or purchase lands necessary for the safety and convenience of traffic." The extent of authority in the cited sections contemplates the acquisition of rights of way to the end that a highway system may be constructed and maintained. That it may so acquire "land or other property" is to be interpreted in the light of a means by which it may attain its ordained end, to wit, that such lands "be necessary for a state highway system."

We are of the opinion that the purpose of our highway statutes, Code 1942, Title 30, is the acquisition of lands solely for highway purposes. It would attribute unwisdom to the Legislature to construe the power delegated to the Commission as to divest a landowner of interests which the Commission in turn could not exploit. Were the language of the grant of power in Sections 8023 and 8038 ambiguous, well known principles would be invoked to construe them in the light of the evident purpose of the Legislature. If there were no definition of the estate which the Commission is empowered to acquire, no more property may be taken than the public use requires. Nicholson v. Board of Mississippi

Levee Commissioners et al., 203 Miss. 71, 33 So. (2d) 604, this day decided. "When an easement will satisfy the purpose of the grant the power to condemn the fee will not be included in the grant unless expressly provided." 18 Am. Jur., Eminent Domain, Section 115.

We are unable to detect any difference between the rights acquired by the Commission through purchase for highway purposes and those acquired by condemnation, which is the Commission's resort to the same end after negotiations for purchase have failed. We have held that rights acquired by eminent domain differ not at all from those obtained by prescription, and these are in both cases only an easement. Campbell v. Covington County, 161 Miss. 374, 137 So. 111. When a highway is abandoned as such, there is a revision. See Trahan v. State Highway Commission , 169 Miss. 732, 733, 151 So. 178; Wilkinson County v. State Highway Commission, 191 Miss. 750, 4 So. (2d) 298.

We are of the opinion therefore that in this case the appellee acquired no more than it was empowered to acquire, that is to say, a right of way or easement. That the amount paid therefor may approximate the value of the fee is not here important for as stated in Nicholson v. Board of Mississippi Levee Commissioners, supra, at the time the deeds were executed "the damage to the owner, in practical effect, was approximately the same whether the fee or an easement was taken." We do not find Dantzler v. Mississippi State Highway Commission, 190 Miss. 137, 199 So. 367, in disharmony with these conclusions. In the cited case, the condemnation sought was for a right of way or easement. The landowner contended that the estate taken must be the entire land. The narrow point was whether there may be an expropriation of an easement with certain "conditions, reservations and limitations" favorable to the owner, thereby limiting the value of the consideration to be paid. Campbell v. Covington County, supra, was there cited with approval.

We notice, finally, the appellee's contention that appellant is without right to raise the point that the Commission exceeded its authority, and that only the State can complain. The principle invoked is unquestioned in cases where parties other than the State itself seek to challenge corporate acts as ultra vires. But, here we are met with a case where the complaint is by the State through its Commission. By its bill to remove clouds, it raised the point. Appellants demurred. We conclude that the cases cited to support this contention are not applicable. Yet, see Southern Realty Company v. Tchula Cooperative Stores, 114 Miss. 309, 75 So. 121. The bill ought to have been dismissed.

Our former opinion, which found sufficient support in the merits of defendant's cross-bill, did not advance further into this fundamental inquiry. We are now of the opinion that, as suggested by appellee, this is a proper occasion to examine, as respects highway construction, the extent of the powers of the Commission in the light of the purposes of the Statute. The estate acquired by appellee is measured by the language, not of the deeds, but of the Statutes. Abercrombie v. Simmons, 71 Kan. 538, 81 P. 208, 1 L. R. A. (N. S.) 806, 114 Am. St. Rep. 509, 6 Ann. Cas. 239; Chouteau v. Missouri Pac. R. Company, 122 Mo. 375, 22 S. W. 458, 30 S. W. 299; Lewis, Eminent Domain (3rd Ed.), Section 468.

For the reasons above stated, our former opinion is withdrawn, and there being no necessity to reform the deeds from appellants to the appellee, our former judgment herein will be set aside and bill of complaint dismissed.

So ordered.

**Smith, L. A., Sr.,** and **Griffith, JJ.,** concur in the withdrawal of the former opinion, but dissent from the one above substituted in its stead.

**Roberds, J.,** took no part in the decision of this case.

## Concurring Opinion

**Sidney Smith, C. J.**, delivered a concurring opinion.

I concur in the opinion and judgment now rendered; also in the withdrawal of the former opinion herein for the reason that the judgment now rendered makes the reformation of the deed from the appellants to the appellee unnecessary.