Mississippi State Highway Commission *v.* Adams

No. 40359          March 18, 1957          93 So. 2d 650

*Ben Owen,* Columbus for appellant.

*Burgin & Reid, Holloman & Threadgill,* Columbus, for appellees.

Roberds, P. J.

The question for decision herein is whether the municipality of Columbus, (which we shall call the City), or the Mississippi State Highway Commission, (which we shall call the Commission), has the power and authority to regulate and prohibit obstructions being placed upon or over the right of way, but outside the traveled portion of, U. S. Highway 82 in the eastern part of Columbus, Mississippi. The learned chancellor held that the power and authority were vested in the City, from which decree the Commission appealed here.

The problem arises under these conditions: U. S. Highway 82 runs generally east and west through the City of Columbus. Near the eastern corporate limits of the City George H. Guckert operates a retail hardware business in a leased building. The building faces south, the front thereof being near the northern edge of the road right of way. The building was erected after the highway was constructed at its present location. Guckert had erected at the front of the building a large metal or plastic sign, some fourteen feet in highth, which sign is luminous at night. The bottom of the sign is some twelve

feet above the ground and it projects four feet and six inches over and above the road right of way.

Guckert has also constructed a minnow, or fish, pond on the untraveled portion of the right of way in front of his building. This structure is mainly concrete, with a metal roof, and is some seven feet high.

Guckert also used the space between the paved portion of the right of way and the front of his building for display of his goods, wares and merchandise.

T. V. Adams had under lease a building in which he operated an automobile agency under the style of Adams Motor Company. This building was also located on the north side of, and faced south upon, or near, the north line of the road right of way of U. S. Highway 82. Adams erected a large metal commercial sign in front of his building. The sign contains the word "OLDSMOBILE", and it is illuminated by the use of neon lights. The sign is some five to six feet in size and the lower end thereof is about twelve feet above the ground. It extends some six feet over the right of way.

Adams had also displayed on or near the front of his building a circular-shaped metal sign, about five feet in diameter, which extends about four feet over the untraveled part of the road right of way.

The Commission passed an order purporting to require Guckert and Adams to remove the named obstructions from the road right of way and to prohibit Guckert from displaying his goods and merchandise upon that right of way. They refused to obey the request. The Commission filed two separate bills against them praying that they be enjoined from using the highway in the manner above stated. The causes were consolidated and heard together. The chancellor dismissed the bills. He did that on the grounds that the power to prevent such use of the road highway was vested in the City and not in the Commission, and the City had taken no action in the matter, and further that the manner of use here in-

volved constituted no hazard to travel upon said Highway 82.

The problem actually narrows itself to the quesion of whether or not the Commission has the power to regulate and prevent the use of the highway in the manner above set out, because the Commission alone has undertaken to do so. Has the Commission the power it purports to exercise herein?

It should be borne in mind that the effort here is directed and limited to the use of the highway—not beyond it. All of the so-called obstructions extend over and across or are located entirely upon the road right of way.

Title to the land which Guckert and Adams used in the manner above set out was acquired by the Commission through warranty deeds executed in 1936 containing this provision: "It is further understood and agreed that no signs, billboards or other advertising devices shall be constructed within 150 feet of the center line of said highway, and State Highway Commission, its officers, agents or employees are hereby authorized to enter upon such premises and remove therefrom any signs, billboards, or other advertising devices which now exist or which may hereafter be placed upon said premises, within said 150 feet of the center line of said highway, without any liability for damage to property attaching to said Commission, its officers, agents or employees for so doing."

Section 5006, Subdivision (a), Miss. Code of 1930, vested in the Commission "Full and general supervision over all matters relating to the construction or maintenance of the state highways, * * *". Subsection (f) under said Section 5006 vested in the Commission the power: "To make proper and reasonable rules, regulations and ordinances for the placing, erection, removal or relocation of telephone, telegraph or other poles; sign boards, fences, gas, water, sewerage, oil or other pipe

lines, and other obstructions that may in the opinion of the Mississippi highway commission contribute to the hazard upon any of the state highways, or in any way interfere with the ordinary travel, upon such highways or the construction, or reconstruction thereof, and to make reasonable rules and regulations for the proper control thereof. Any violation of such rules or regulations or non-compliance with such ordinances shall constitute a misdemeanor." A further provision in that subsection provides that the obstructions shall be removed at the expense of the owner. The quoted provisions were in effect when said land was acquired by the Commission.

The foregoing provisions were brought forward and appear in the Miss. Code of 1942, Section 8038, Subdivision (a) and Subdivision (f). In addition, Subsection (k) under said Section 8038 empowers the Commission "To make proper and reasonable rules and regulations for the removal from the public right of way of any form of obstruction * * *". The provisions just mentioned were brought forward and appear under Section 14 (a), Subsection (f) and Subsection (k) of the General Laws of Mississippi, 1948, pp. 436, 438.

The said quoted provisions were reenacted and became a part of Chapter 6 of the Laws of the Ex. Sess., 1949, State of Mississippi.

■■ ■ It will be seen from the foregoing that the Commission was vested with full power and authority to require the removal of the obstructions here involved from the right of way of Highway 82.

■■ ■ However, in said Ex. Sess., Laws of 1949, Section 3 (B) of Chapter 6, the Legislature inserted this provision: "The municipality shall have full control and responsibility beyond the curb lines of any such streets." Guckert and Adams rely entirely upon that clause. They say it vested in the municipality of Columbus the exclusive power and right to regulate the ob-

struction involved in this proceeding. That provision has reference to municipal streets or "parts of sections thereof" which have been taken over for maintenance by the Commission, not to state highways constructed by the Commission in or through municipalities upon rights of way owned by the Commission. In the case at bar the Commission has fee simple title to the entire right of way, eighty feet wide, insofar as it could acquire such title under the case of Whitworth v. Mississippi State Highway Commission, 203 Miss. 94, 33 So. 2d 612. The Commission owns the right of way outside and beyond the street curbs. The right of way was purchased and the road constructed under plans and specifications approved by the Federal Government and known as Federal Aid Project No. WPMH 56-B as an interstate national highway, the Federal Government paying a proportionate part of the cost of the right of way and the construction of the highway. It would seem clear that the Legislature did not intend to undertake to vest the municipality with "full control and responsibility" over lands owned by the Commission, and used by it in connection with an international federal highway. Subdivision (B) of said Chapter 6 refers to both types of highways, "streets or parts of sections thereof", taken over for maintenance by the Commission and "state highways" that have been constructed by the Commission through municipalities. And the quoted phrase refers to streets being maintained by the Commission, not to highways where the Commission owns the right of way lying both within and without the curbs. The Legislature did not intend to place the Commission at the mercy of municipal authorities. ▮▮ ▮ The fact that the Commission, under the Whitworth case, supra, does not own the mineral rights under the right of way does not take away its right to require removal of obstructions from the right of way. The Commission has title to the right of way and it cannot be used, or obstructed,

by others against the wishes of the Commission, whether such use or obstructions constitute safety hazards or not.

The conclusion we have reached requires a reversal of the case. It appears best to remand the case so that the time and other details of removal of the obstructions may be worked out and the decree now rendered be enforced.

Reversed and remanded.

*Lee, Holmes, Arrington* and *Ethridge,* JJ., concur.