309 So.2d 156 (1975)
Mack J. ROBERTS
v.
MISSISSIPPI STATE HIGHWAY COMMISSION.
No. 47908.
Supreme Court of Mississippi.
February 24, 1975.
Rehearing Denied March 24, 1975.
M.M. Roberts, S. Wayne Easterling, Hattiesburg, for appellant.
*157 Robert H. Oswald, Pascaguola, for appellee.
Before RODGERS, SMITH and SUGG, JJ.
RODGERS, Presiding Justice.
This is an appeal from an order issued in a special court of eminent domain in Jackson County, Mississippi, overruling the defendant's motion to dismiss the eminent domain proceedings brought by the Mississippi State Highway Commission.
The state highway commission issued an order to condemn certain property belonging to appellant, Mr. Roberts, for the purpose of relocating and reconstructing a segment of a weighing scale site along United States Highway 90 between Orange Grove, Mississippi, and the Mississippi-Alabama state line.
In its application for a special court of eminent domain, the state highway commission described the property which it sought to condemn specifically excluding all oil and gas therein. The application alleged that it was necessary to take the defendant's land which was designated for use as a scale area site along United States Highway 90 and that this action was taken under the state highway commission's full authority to locate, relocate, widen, alter, change, straighten, construct or reconstruct any and all highways of the state highway system, together with the right to condemn, purchase or acquire by gift lands necessary for the safety and convenience of traffic, lands containing road building materials and including the right to provide limited access facilities where deemed necessary. The application also stated that the highway commission needed and desired the right of immediate possession as provided by law.
The court appointed an appraiser as directed by the "quick-take" provisions of the eminent domain statutes. However, no appraisal was made under this order, and the state chose to abandon its demand for immediate possession.
The defendant filed a motion to dismiss alleging that the highway commission was without authority in seeking to condemn the defendant's land for the purposes stated in its application and it further asked the court to declare the eminent domain statutes unconstitutional and void. The court held that the motion to dismiss was not well taken and overruled it.
The defendant appealed from this decision, citing the following assignment of error:
(1) That the trial court erred in not sustaining the motion to dismiss the petition because the two acts of the legislature are unconstitutional and void;
(2) That there existed no public necessity for the taking of the particular property or any part thereof, proposed to be condemned;
(3) That proper interpretation of the applicable law does not extend right of eminent domain of the Mississippi State Highway Commission for off-highway right-of-way space for weighing scales;
(4) That there was no compliance with the 1971 and 1972 acts of the Legislature of the State of Mississippi, said acts having been only partially complied with to further aggravate and make applicable the claim of unconstitutionality; and
(5) That the interpretation given to the eminent domain acts are beyond that contemplated by asserting extraordinary power of eminent domain.
On this appeal, appellant is contesting the extent of the Mississippi State Highway Commission's statutory authority to acquire property through eminent domain proceedings and also the constitutionality of that statutory authority. The authority is being questioned with respect to condemnation of property for highway uses in *158 general, and, in particular, condemnation of property for use as a truck weighing station.

I.
The first issue to be determined is whether or not the Mississippi State Highway Commission has statutory authority to condemn property for the truck weighing stations.
This Court stated in Brown v. Beatty, 34 Miss. 227, 239 (1857), as follows:
"The right of eminent domain is an inherent and essential element of sovereignty. It results from the social compact; and hence, would exist without any express provision of the organic law upon the subject. In this commonwealth, its existence is recognized in the Bill of Rights. And the only restrictions placed upon its exercise, are that private property shall not be taken or applied to public use without the consent of the legislature, nor without just compensation being first made therefor."
See Miss.Const. § 17 (1890).
Mississippi Code Annotated Section 27-5-73 (1972) provides that inspection stations may be established and maintained by the Motor Vehicle Comptroller (a state agency) alongside highways within the state. The purpose of these inspection stations is to aid in the enforcement and administration of, among others, the laws of this state "relating to the size and weight of vehicles operating or to be operated on the roads, streets or highways of this state or with reference to other physical qualifications of any vehicle to be operated on such roads, streets or highways... ." Mississippi Code Annotated Section 27-5-71 (1972).
The responsibility of the state highway commission with respect to establishing these inspection stations is set out in Mississippi Code Annotated Section 27-5-73 (1972):
"The state highway commission shall permit the establishment of such inspection stations upon the rights-of-way selected or upon additional rights-of-way if it be deemed necessary to acquire such rights-of-way and shall construct necessary driveways across such rights-of-way to the inspection stations and, if necessary, construct drive-out spaces on the opposite side of the highway from the inspection stations in such a manner as the comptroller shall require. All inspection stations shall be so located and all drive outs established and maintained in such a manner that it shall not be necessary for any vehicle to stop with any portion of the vehicle on or within five feet of the paved or travelled portion of the highway.
The state highway commission is authorized to secure additional rights-of-way for the construction or reconstruction of inspection stations as required by the comptroller... ."
It is the contention of appellant that while the state highway commission is empowered to acquire additional lands upon which to construct a weighing scale, this power refers only to the power to purchase such lands and not to the power of eminent domain.
The grant of the power of eminent domain to the state highway commission is found in Mississippi Code Annotated Sections 65-1-19 (Supp. 1974) and 65-1-47 (1972). Section 65-1-19 provides in part:
"The state highway commission as herein provided shall be vested with the following powers, to-wit:
* * * * * *
(b) To receive and assume exclusive control, for the benefits of the state, of any and all highways herein or hereafter fixed as roads constituting a part of the state highway system, with full power to change, relocate, or alter the grade or location thereof, as may be deemed necessary or economical in the construction or *159 maintenance thereof; to acquire by gift, purchase, condemnation, or otherwise, land or other property whatsoever that may be necessary for a state highway system as herein provided... ."
Section 65-1-47 provides in part:
"The state highway commission shall have complete control and supervision, with full power and authority to locate, relocate, widen, alter, change, straighten, construct, or reconstruct any and all roads on the state highway system heretofore or hereafter taken over by it for maintenance as a part of such system, and shall have full and complete authority for the making of all contracts, surveys, plans, specifications, and estimates for the location, laying out, widening, straightening, altering, changing, constructing, reconstructing, and maintaining of and the securing of rights of way for any and all such highways, and to authorize the employees of the state highway department to enter upon private property for such purposes.
The state highway commission is authorized and empowered to obtain and pay for the rights of way of such width as it may determine to be necessary for such highway or for any alteration or change therein or relocation thereof by agreement with the owners of such lands. Rights of way of not less than sixty feet wide shall be acquired except within the boundaries of towns and cities where unusual conditions exist, in which case the commission is authorized and empowered to obtain and pay for such rights of way of such width as it may determine to be necessary. Said commission may condemn any and all land or other property needed for such purposes or either of them; may condemn or acquire by gift or purchase lands containing road building materials and develop and operate pits, mines, or other properties for the purpose of obtaining road material; and condemn or may acquire by gift or purchase lands necessary for the safety and convenience of traffic." (Emphasis added).
It is a general rule of statutory construction that where there is doubt of the right to exercise the power of eminent domain, the statutes will be strictly construed most favorably to the landowner. Berry v. Southern Pine Electric Power Ass'n., 222 Miss. 260, 76 So.2d 212 (1954); Ferguson v. Board of Supervisors, 149 Miss. 623, 115 So. 779 (1928). However, when the above quoted statutes are read as a whole in pari materia, it appears clear that a taking of property alongside a highway for the purpose of constructing a weighing scale to enforce the regulations regarding weights of loads and vehicles is within the contemplation of the statutes. In Mississippi Code Annotated Section 27-5-73 (1972) the state highway commission is authorized to secure additional rights-of-way for the construction of inspection stations. In Mississippi Code Annotated Section 65-1-47 (1972) the state highway commission is given the right of eminent domain for the purposes of securing rights-of-way for highway purposes.
The regulation of vehicle and load weights is a long-recognized and long-used method of maintaining and preserving the state highways. According to language in the case of Whitworth v. Mississippi State Highway Commission, 203 Miss. 94, 33 So.2d 612 (1948), not only construction, but also maintenance, is a legitimate end of the eminent domain powers of the state highway commission. The Court said:
"Code 1942, Sections 8023, 8038 [now Miss. Code Ann. §§ 65-1-19 and 65-1-47 (1972)], authorizes the Commission `to obtain and pay for rights of way,' and to this end `may condemn ... or acquire by gift or purchase lands containing road building materials . .. to condemn or to acquire by gift or purchase lands necessary for the safety and convenience of traffic.' The extent of authority in the cited sections contemplates *160 the acquisition of rights of way to the end that a highway system may be constructed and maintained. That it may so acquire `land or other property' is to be interpreted in the light of a means by which it may attain its ordained end, to wit, that such lands `be necessary for a state highway system.'" 203 Miss. at 106, 33 So.2d at 613.
Appellant also argues that the eminent domain statutes are unconstitutional if interpreted to include the taking of property for the purposes of weighing scales. The constitutionality of the state's power to take land for public use is so well established as to make any discussion of the issues useless. That the use of appellant's property intended by the state highway commission is a public use within the contemplation of Section 17 of the Mississippi Constitution is beyond question. These weighing scales are an essential tool of the state highway commission in enforcing weight limits on vehicles and loads and thereby preventing the unnecessary destruction of the state highway system.

II.
The argument that the "quick-take" provisions of Mississippi Code Annotated Sections 11-27-81 to 11-27-89 (Supp. 1974) are unconstitutional because they violate Mississippi Constitution Section 17 requiring compensation to be made before the property is taken is not an issue properly before this Court, since the state had abandoned its request for immediate possession of the property. The constitutionality of a statute will not be determined unless absolutely necessary to determine the merits of the litigation in which the constitutional issue has been presented. Mitchell v. State, 240 Miss. 308, 127 So.2d 394 (1961); Broadhead v. Monaghan, 238 Miss. 239, 117 So.2d 881 (1960).

III.
Appellant raises in his motion to dismiss and argues in his brief a question with respect to the extent of the state's taking of the property, claiming the state had no right to take the minerals and timber found thereon.
It was held by this Court in Nicholson v. Board of Mississippi Levee Commissioners, 203 Miss. 71, 33 So.2d 604 (1948):
"The Legislature has the power to define the quantum of interest or estate which may be taken, whether an easement or the fee or some estate intermediate these two. The power is limited to the express terms or clear implication of the statute. If the statute does not define the quantum of the estate to be taken, no greater estate can be taken than the particular public use requires." 203 Miss. at 87, 33 So.2d at 608.
However, the legislature, in 1949, did so define, the provisions being contained in Mississippi Code Annotated Section 65-1-47 (1972), in part as follows:
"The estate which the state highway commission is authorized to acquire by deed or condemnation as set forth above shall include all rights, title, and interest in and to the lands or property being acquired, excepting and excluding all the oil and gas therein or thereunder and such other rights, title, or interest which are expressly excepted and reserved to the property owner, his successors, heirs, or assigns in the deed or condemnation petition by which the property is acquired. The state highway commission shall decide what rights, title, and interests are necessary for highway purposes on each particular project and may, by order on its minutes, authorize its agents to expressly except all or any others."
Moreover, the state highway commission has the statutory power "to sell and dispose of any and all growing timber standing, lying, or being on any right-of-way acquired by said state highway commission for highway purposes in the future... ." Miss. Code Ann. § 65-1-19(x) (Supp. 1974).
*161 We hold, therefore, that the Mississippi State Highway Commission can take by eminent domain in fee simple, all rights, title and interests in the property, that are necessary for the authorized purposes of the commission, including rights, title and interests to timber, but excepting and excluding all oil and gas.
The motion to dismiss was properly overruled, and the case is remanded to the Jackson County Court for further proceedings not inconsistent with this opinion.
Affirmed and remanded.
GILLESPIE, C.J., and PATTERSON, INZER, ROBERTSON, WALKER and BROOM, JJ., concur.