BROOM, Justice,
for the Court:
Condemnation of land for recreational purposes highlights this case appealed from the Chancery Court of Attala County. Long Creek Watershed Drainage District (Long Creek herein) petitioned the chancery court for authority under Mississippi Code Annotated § 51-29-39 (1972) to take certain privately owned lands. Walter Terry, et al. (landowners herein), owners of part of the land which Long Creek sought to have condemned, filed their objections and now appeal from the chancellor’s ruling in favor of Long Creek.[1] We reverse.
Long Creek sought fee simple title to the land (approximately 671 acres) for construction of a flood control lake and for recreational purposes.[2] Only one issue is before us:
HAS LONG CREEK STATUTORY AUTHORITY TO ACQUIRE THE SUBJECT LANDS WHICH ARE INTENDED TO BE USED PURELY FOR RECREATIONAL PURPOSES?
Long Creek admits in its brief that “the right to acquire property for recreational purposes is not explicitly set forth by the Code of this State.” Long Creek is a legal entity organized pursuant to what is now Mississippi Code Annotated § 51-29-5 (1972). Mississippi Code Annotated § 51-31-5 (1972) establishes the general authority of drainage districts and provides for their organization and states that the purpose of the organization is “for the purpose of reclaiming wet, swamp, or overflowed lands for agricultural and sanitary purposes conducive to public health . . . .”
Mississippi Code Annotated § 51-33-3 (1972), in its pertinent part is as follows:
To the end that soil and water conservation measures may be improved, flood control and drainage programs strengthened, and the land and water economy of the state stabilized, the following additional powers are conferred upon presently existing drainage districts in the State of Mississippi, including districts with county commissioners as established under sections 51-31-1 to 51-31-143, and districts established under sections 51— 29-1 to 51-29-165:
(a) To take necessary measures for prevention of erosion, floodwater, and sediment damage; to further the conservation, development, utilization, and disposal of water; and to adopt necessary regulations, programs, and procedures to accomplish these ends, subject to approval of the chancery court or chancellor and on proper notice to the interested parties as such notice is provided for in the general statutes pertaining to drainage districts.
Long Creek notes that according to the landowners, § 51-33-3(a) provides that districts are authorized “to take necessary measures for prevention of erosion, flood water, and sediment damage; to further the conservation, development, utilization and disposal of water.” Long Creek fails to note, however, that the title of this section is “Additional powers for conservation” and mentions nothing about recreation.
One of Long Creek’s contentions is that the words “utilize and develop” in § 51-33-3(a), supra, imply that one of the ways to develop and utilize water is for recreational *1272 purposes. Another contention of Long Creek is that the only method of making the lake (which is the subject of this litigation) useful, is to open it to the public for recreation. Long Creek states that if this is not done, “the largest lake in Central Mississippi, costing the taxpayers of this state and nation perhaps two million dollars, will be, in effect, a private pond.”
As part of its argument that it may condemn land for recreational purposes, Long Creek relies in part upon one of our statutes having to do with sixteenth section lands: Mississippi Code Annotated § 29-3-153(d) (1972), which defines development- as “ ‘Development’ shall mean the planning, surveying, platting, financing, improving and/or otherwise making sixteenth section lands, or lands granted in lieu thereof, suitable for commercial, industrial, and/or recreational use.” In dealing with the last quoted portion of our statute on sixteenth section lands, Long Creek says that the legislature obviously intended that a body of water such as is the subject of this litigation and which is owned by a subdivision of the state should also be made available to the public for recreational use, for it used the same word in both statutes. We find no merit or persuasion to this argument because it is obvious that if the legislature had intended for “develop” in the statutes pertaining to drainage districts to mean the same as it does in the sixteenth section land statutes, the legislature would have so defined the word in the statutes.
The instant case is distinguishable from Moorhead Drainage District v. Pedigo, 210 Miss. 284, 49 So.2d 378 (1950). According to Long Creek, Moorhead held that a watershed district may have an implied power to carry out the purposes of the district. There can be no argument in this regard but the “implied power” must be readily, easily and not illogically implied from the language of the statute. In Moorhead, if the drainage district had not been allowed to contract for survey work, they would have been unable to carry out the original expressed intent of the watershed district. Such is not the situation in the case at bar because Long Creek can obviously carry out its purpose without implied authority to condemn lands for recreational purposes. As noted by the landowners, Long Creek, using tax money, has already constructed five other lakes, none of which have recreational facilities attached.
As is usually the case in construing statutes, we must seek to ascertain what was the intention of the lawmakers when they enacted the statute in question. Mississippi Code Annotated § 51-31-143 (1972), a part of our code dealing with drainage districts, states:
This chapter shall be liberally construed to promote the ditching, drainage, and reclamation of wet, swampy, and overflowed lands. .
Applying the last stated statutory language to the case before us, we must liberally construe our statutory law on drainage districts, but we can make such construction only to the extent of the purposes mentioned in the statutes. Here the statutes germane to the instant case make no reference whatever to “recreational purposes” as a proper basis for the taking of privately owned lands. As we held in Roberts v. Mississippi State Highway Commission, 309 So.2d 156 (Miss.1975),
It is a general rule of statutory construction that where there is a doubt of the right to exercise the power of eminent domain, the statutes will be strictly construed most favorably to the landowner. (309 So.2d at 159).
Our analysis of the statutes of this state pertaining to drainage districts is that the statutes fail to grant any implied power to condemn lands for recreational purposes. We do not hold that land condemned for any purpose set forth in § 51-33-3 may not then be used (by Long Creek and those it grants permission) for recreational purposes as well as for the statutory purposes: flood control, prevention of erosion, and the like. Our holding is narrowly stated to mean that Long Creek upon the record as made may not condemn the landowners’ property for *1273 purely recreational purposes.[3] Here upon the present state of the record we are unable to ascertain precisely which or how much lands are to be taken for purely recreational purposes. Accordingly, the lower court erred in upholding the petition of Long Creek as to lands to be taken for purely recreational purposes and therefore' we must reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.

. This cause came before us as an appeal of an interlocutory order of the Chancery Court by order of this Court dated June 25, 1979 after a hearing before a Justice of this Court pursuant to Mississippi Code Annotated § 11-51-7 (1972), as amended.

. Appellants contend that of this 671 acres, 460 acres are all that are needed for the lake, and 211 acres would be purely for recreational purposes. Further, they contend that Long Creek would need only an easement to the 460 acres, leaving fee simple title in the present owners. Long Creek in its answer “admits that part of the property to be acquired is to be used for recreational purposes.”

. Culley et al. v. Pearl River Industrial Commission, 234 Miss. 788, 108 So.2d 390 (1959) involved rights of a water supply district to condemn land where “recreational facilities” were contemplated. There the legislative act specifically had “recreational facilities” within its purview which is not true in the instant case.