536 So.2d 895 (1988)
Mississippi STATE HIGHWAY Commission, Charles W. Crisler, Jr. and Gulf Life Insurance Company
v.
Wayne McClure and H.H. Lupo.
No. 57844.
Supreme Court of Mississippi.
August 31, 1988.
Petition for Rehearing Dismissed October 5, 1988.
Moran M. Pope, Jr., Pope & Pope, Hattiesburg, Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by P.O. Gibson, Jr., Asst. Atty. Gen., Jackson, for appellants.
Eugene L. Fair, Milton A. Schlesinger, Gunn & Schlesinger, Hattiesburg, for appellees.
Before HAWKINS, P.J., and ANDERSON and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This is a real property case on appeal from a summary judgment determination of title in appellees, Wayne McClure and H.H. Lupo. The property in question is a triangular shaped tract in the parking area of what is now known as the K-Mart Shopping Center along U.S. Highway 49 in Hattiesburg, Mississippi. The appellees claim their title through common sources, grants from R. Lee Edmonson and Elias Espose.
On March 31, 1940, and May 28, 1940, Edmonson and Expose, respectively, granted by warranty deed a limited easement "for right-of-way purposes" on Federal Aid Project No. 73-H(1) over lots 1 through 16 in Block 1 of the Pinehurst Subdivision No. 1. D. Seward, on November 17, 1941, purchased the same lots number 1 through 16 at public sale for delinquent county and state ad valorem taxes. The statutory time *896 period elapsed without the State Highway Commission, R. Lee Edmonson, nor Elias Expose exercising their right to redeem the tax sale. Consequently, on November 17, 1943, the entire fee simple title matured in D. Seward. The appellees are successors in title to everything D. Seward acquired.
On April 8, 1969, the Mississippi Highway Commission (MSHC) decided certain portions of its right-of-way easement for Federal Aid Project No. 71-1(1) in Forrest County, Mississippi, were no longer needed for public use and agreed to convey, by quit claim deed, the excess lands to Charles W. Crisler, Jr., the appellant and abutting landowner. The deed was executed April 15, 1969, and the State Highway Commission was paid the fair market value of $4,600. The land conveyed included the subject property and it is through this conveyance that the appellant states a claim to the subject property.
In the beginning there were additional defendants to this lawsuit: H.R. Morgan, d/b/a Morgan Jewelers, Forrest County, Mississippi, W.T. Grant Co., HUB Investment Co., Malone and Hyde, Inc. and First National Bank of Jackson and Robert Burns, Trustee. Each defendant was granted a summary judgment and they are not parties to this appeal.
The appellant makes numerous assignments of error. These can be reduced to one central question: Does the State Highway Commission have authority to sell a highway right-of-way easement granted for a specific highway project to a private citizen? For reasons stated below, this Court upholds the summary judgment of the lower court, which in essence said no.
The Mississippi State Highway Commission (MSHC) possessed an easement for right-of-way purposes by way of the Edmonson and Expose grants for Federal Aid Project No. 73-H(1). The United States Supreme Court in 1836, in Harris, et al. v. Elliott, 35 U.S. (10 Pet.) 25, 9 L.Ed. 333 (1836), ruled on a case close in point. The Court found that the abandonment of rights-of-way by the sovereign returned use and possession of the property to its owner, the original grantor. The Court said:
... where a mere easement is taken for a public highway, the soil and freehold remains in the owner of the land, encumbered only with the easement, and that, upon the discontinuance of the highway, the soil and freehold revert to the owner of the land. 35 U.S. (10 Pet.) at 55, 9 L.Ed. 333 at 345.
This Court has recognized and upheld this summary. Campbell v. Covington County, 161 Miss. 374, 378, 137 So. 111 (1931); Whitworth v. Mississippi State Highway Commission, 203 Miss. 94, 33 So.2d 612 (1948); Hattiesburg Realty Company v. Mississippi State Highway Commission, 406 So.2d 329 (Miss. 1981).
The right-of-way easement granted to the MSHC by the Edmonson and Expose deeds was for a specific public right-of-way of a certain highway, U.S. Highway 49. When the MSHC determined that a portion of that easement was no longer needed by the public, the easement ceased to exist. Since the public acquired a mere easement, the fee title remaining in the landowner was no longer burdened by the easement. Appellant's arguments in support of his proposition that the MSHC had authority to alienate the public right-of-way easement are moot since the easement ceased to exist upon the MSHC determination that the easement was no longer needed for public use.
This Court in Hattiesburg Realty Company v. Mississippi State Highway Commission, supra, dealt with similar issues as in this case. Hattiesburg Realty is similar to this case as both are premised on a fee simple title acquired through a 1941 tax sale for 1940 taxes, and involves the determination of the interest of the Mississippi State Highway Commission as derived through warranty deeds for the same highway project in the same general location. In Hattiesburg Realty, this Court reviewed Mississippi Code of 1930, Annotated, Section 4998, which was in effect when the Edmonson and Expose deeds were executed. This section provides in part:

*897 That the state highway commission shall have complete control and supervision, with full power and authority to locate, relocate, widen, alter, change, straighten, construct, or reconstruct any and all roads on the state highway system as herein defined, and shall have full and complete authority for the making of all contracts, surveys, plans, specifications, and estimates for the location, laying out, widening, straightening, altering, changing, constructing, reconstructing and maintaing [sic] and securing rights-of-way therefor of any and all such highways, and to authorize the employees of the state highway department to enter upon private property for such purposes. (Emphasis in original).
This Court in Hattiesburg Realty, supra, has construed this section to give the Mississippi State Highway Commission authority to acquire only a right-of-way or easement in property for highway purposes, citing Nicholson v. Board of Mississippi Levee Com'rs, et al., 203 Miss. 71, 33 So.2d 604 (1948); and Whitworth v. Mississippi State Highway Commission, 203 Miss. 94, 33 So.2d 612 (1948).
The interest acquired by the MSHC was that set forth in Section 4998, Code of 1930, which only empowered the commission to acquire an easement. This section now appears as § 65-1-47, Miss. Code Ann. (1972), which by Chapter 332, General Laws of 1948 was amended to empower the commission to acquire a fee simple interest along with the authority to sell when the property is no longer needed for the purpose for which it was acquired. We deal here only with the statute as it appeared in the Codes of 1930 and 1942 before amendment. This Court in Hattiesburg Realty, on review of this statute at the time of the conveyance to the commission, stated:
Mississippi General Laws, Chapter 332, section 8 (1948), granted statutory authority to the Commission to acquire fee simple lands needed by it. This law in and of itself did not, ipso facto, vest fee simple title in the Commission to land in which the Commission had only acquired easement rights for right-of-way purposes. If, after the passage of this legislation, the Commission should determine that fee simple title is now necessary in order for it to carry out its duties and responsibilities, then it would be necessary for the Commission to acquire fee simple title either by further purchase, gift, or condemnation proceedings against the property owner.
406 So.2d 332, 333.
Being consistent with what we said in Hattiesburg Realty, we now hold that the commission could not convey the fee simple title to the subject property, only abandon its easement.
There being no genuine issue of material fact, we affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.