**In re Paul Rayburn HENDERSON, Debtor.**

**Paul Rayburn HENDERSON, and Barbara Henderson, Plaintiffs,**

**v.**

**WEST CASH AND CARRY BUILDING MATERIALS OF MEMPHIS, INC. and R.M.P. Short, Defendants.**

Bankruptcy No. 89–22538–D.
Adv. No. 89–0201.

United States Bankruptcy Court,
W.D. Tennessee, W.D.

March 26, 1990.

Doug Alrutz, Memphis, Tenn., for debtor.

Joe Van Dyke, Sardis, Miss., for West Cash & Carry.

R.M.P. Short, Sardis, Miss., pro se.

## MEMORANDUM OPINION AND ORDER ON COMPLAINT TO DETERMINE NATURE, EXTENT AND VALIDITY OF LIEN

BERNICE BOUIE DONALD, Bankruptcy Judge.

This core proceeding [1] came on for hearing on the adversary complaint [2] of Paul Rayburn Henderson and Barbara Henderson, ("Mr. Henderson" and "Mrs. Henderson") to determine the nature, extent and validity of a lien. The issue for judicial determination is whether the promissory note and deed of trust signed by debtor and his wife, in favor of West Cash and Carry Building Materials constitutes a valid lien on debtor's homestead? The following shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### FACTUAL SUMMARY

On April 6, 1989, the debtor filed a petition under chapter 7 of the Bankruptcy Code seeking a liquidation and a fresh start. On August 30, 1989, the debtor filed the instant complaint seeking to have the court determine the nature, priority and extent of a lien on the debtor's principal residence, located in Crenshaw, Panola County, Mississippi.

A default judgment was entered in the Circuit Court of Panola County, Mississippi ("Circuit Court") in favor of West Cash & Carry Building Materials ("West") against Mr. Henderson in the amount of thirty thousand seven hundred ninety dollars and twenty-three cents ($30,790.23), plus a ten thousand dollar ($10,000.00) attorney fee, along with court costs and judgment interest.[3] Subsequently, on June 7, 1988, a "Suggestion for Writ of Execution" was filed by Mr. R.M.P. Short [4] in Circuit Court which sought to have issued a Writ of Execution.[5] On July 6, 1988, a "Writ of Execution" was filed.[6] The parties introduced into evidence a copy of the Sheriff's Conveyance which purported to list the properties subject to foreclosure.[7] However, the foreclosure sale was halted due to satisfaction of the judgment by debtor and his wife, by executing a note [8] secured by a deed of trust [9] on their personal residence, in favor of the judgment creditor, West. The residential property securing the note was jointly owned by the Hendersons as tenants by the entirety.[10]

Debtor allegedly learned of the proposed sale of his properties through the newspaper, and was coerced by Mr. Short into signing the deed of trust and promissory note in order to stop the sheriff's sale. The debtor argues fraud in the inducement because sixty thousand dollars ($60,000.00) equity in the marital property was protected by the Mississippi homestead exemption statute, and the debtor had only an expectancy interest in the property that could be realized by the proposed sale, due to his ownership as a tenant by the entirety. Further, the debtor alleges that the note and deed should be set aside for lack of consideration to Mrs. Henderson.

Contrarily, West argues that the sheriff's sale, which never took place, described five (5) tracts of land; the residence and four (4) other tracts on which the debtor conducted businesses. West argues that a desire to continue ongoing business operations motivated Mr. Henderson to execute the deed of trust and note giving West a

---

1. 28 U.S.C. § 157(b)(2)(K).

2. Bankruptcy Rule 7001.

3. The Default Judgment was entered on May 10, 1983. Trial Exhibit 1.

4. Attorney for West Cash and Carry.

5. Trial Exhibit 2.

6. Trial Exhibit 3.

7. Trial Exhibit 4.

8. Trial Exhibit 5 dated July 7, 1988 in the amount of $52,500. at 8% interest.

9. Trial Exhibit 6 dated July 7, 1988.

10. This property is the debtor's principal residence.

lien on the residential real estate. In support of that allegation, West alleges that its agent explained the homestead exemption to debtor, that the transfer was voluntary and for valuable consideration, and further that debtor had the right to seek assistance of counsel, which he refused.

West argues that cancellation of the judgment against debtor and an eight thousand dollar ($8,000.00) discount on the note provides sufficient consideration for the transaction.

The primary issue before the court is whether the lien should be set aside based on fraud in the inducement and absence of consideration?

## DISCUSSION

■ As a basis for debtor's argument, he avers that the transfer should be set aside and cancelled because the transfer was executed under fraud and duress, and otherwise impairs the debtor's exemption. Debtor and his wife allege that Mr. Short represented to them that West could sell their residence to collect the judgment. In fact, the property was set for foreclosure sale. In order to prove fraud by clear and convincing evidence, debtor must establish the existence of nine elements under Mississippi law.[11]

■ Initially, the debtor must show that West made a representation to him and his wife that was false. Short, on behalf of West, told debtor and his wife that their personal residence could be sold if they did not execute a note to satisfy the default judgment received by West against debtor. Debtor alleges that Short coerced them to sign the note when in fact the property could not be sold in its entirety, and they could not be divested of possession under

applicable bankruptcy and Mississippi law. Therefore, debtor avers that since the property could not be sold, Short's representation was inaccurate. In order to ascertain whether Short could subject the property to foreclosure sale, the court must determine if it is exempt property.

11 U.S.C. § 522(b)(2)(A) & (B) (West 1990) states in relevant part:

### § 522 Exemptions.

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. Such property is–

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and

(B) *any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.* (emphasis added)

Mississippi opted out of the federal scheme as section 522(b)(2)(A) allows. Miss.Code Ann. § 85-3-1 (1988). Debtor in this case seeks to enforce the Mississippi homestead exemption statute[12] which states in pertinent part:

---

**11.** (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the matter reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance upon its truth; (8) his right to rely thereon; (9) his consequent and proximate injury. *Johnson v. Brewer*, 427 So.2d 118, 121 (Miss.1983).

**12.** The court notes that debtor's attorney stated that there is a $60,000.00 homestead exemption

and counsel for West did not disagree with the amount stated. However, the court, for sake of clarity, will acknowledge that whether a homestead exemption can be stacked by husband and wife is an unresolved issue under Mississippi law. Assuming arguendo that debtor is asserting a $60,000.00 homestead exemption by taking the $30,000.00 limit listed in the statute and allowing such an exemption for each spouse, it is not incumbent on the court to ascertain the propriety of this calculation. However, the

## § 85-3-21. Homestead exemption— land and buildings.

Every citizen of this state, male or female, being a householder shall be entitled to hold exempt from seizure or sale, under execution or attachment, the land and buildings owned and occupied as a residence by him, or her, but the quantity of land shall not exceed one hundred sixty (160) acres, nor the value thereof, inclusive of improvements, save as hereinafter provided, the sum of thirty thousand dollars ($30,000.00).

Miss.Code Ann. § 85-3-21 (Supp.1989)

The parties have agreed that the debtor holds the questioned property as a tenant by the entirety with a right of survivorship with his wife.[13] Thus, the question remains, whether under section 522(b)(2)(B), the property is exempt from process under applicable nonbankruptcy law. If the property is not exempt from process under Mississippi law, the court must determine if it could be sold by West as Short alleged.

"Mississippi decisions have recognized tenancies by the entirety. *Cuevas v. Cuevas*, 191 So.2d 843 (Miss 1966). No reported decision in Mississippi has explicitly passed on the issue of whether such interest could be exempt from creditors' claims. Thus, the significance of section 522(b)(2)(B) under Mississippi law awaits future judicial clarification." 7 Collier on Bankruptcy 360 (15th ed. 1989).

If the property held by debtor as a tenant by the entirety is exempt from process under Mississippi law, then West, as a judgment creditor, cannot execute on the property and collect its debt, as it could impair debtor's exemption.[14] Yet, if West has a valid lien on the property, it survives the discharge to the extent that it is allowed. *In re Hermansen*, 84 B.R. 729 (Bankr.D.Colo.1988).

As stated in Collier, the status of Mississippi law on the issue of whether debtor's property held in tenancy by the entirety is exempt from process, is unsettled. However, this court finds guidance in resolving the issues before it within Miss.Code Ann. § 13-3-131.

Miss.Code Ann. § 13-3-131 (1972) states *in toto:*

## § 13-3-131. Levy of writs of execution and attachments—on interest of partners or co-owners.

When a defendant in execution shall own or be entitled to an undivided interest in any property not exclusively in his own possession, such interest may be levied on and sold by the sheriff without taking the property into actual possession, and such sale shall vest in the purchaser all the interest of the defendant in such property.

Although the statute is not explicit in stating that it applies to individuals who hold property as tenants by the entirety, logically it so applies. Under the statute, a judgment creditor may levy on and sell the individual interest that a co-owner has in property. However, the creditor cannot deliver actual possession to the purchaser. Debtor's interest is the equivalent of that of a co-owner. Thus, debtor's undivided one-half interest in the residence is subject to sale but only to the extent that there is equity beyond his exemption. In actuality, all that may be purchased is debtor's right to survivorship. Debtor's right to survivorship is his right to the whole of the property in the event that he lives longer

---

court does not propose to make a finding nor to bind any other judicial forum on this issue.

**13.** The court will assume all the prerequisites for declaring property as tenancy by the entirety property and for declaring a homestead exemption have been met. *See,* Miss.Code Ann. § 89-1-7 (1972); Miss.Code Ann. § 85-3-27 (Supp.1989). The purpose of the homestead exemption is to protect the entire family from the misfortunes or imprudence of its primary breadwinner. *In re Williamson,* 844 F.2d 1166 (5th Cir.1988).

**14.** The parties stated that the estimated value of the residential property was $67,000.00, although Short alleges this is a conservative estimate. There is an $850.00 deed of trust on the property to Farmers Home Administration. If debtor and his wife have a $60,000.00 homestead exemption, there would be approximately $6,000.00 equity in the property. In the event of the sale, most of the equity would probably be depleted in the cost of foreclosure.

than his spouse. On the other hand, if debtor dies before his wife, she is divested in the whole of the property and the survivorship right that debtor once had is extinguished. Therefore, if West levies on and sells debtor's right to survivorship, a potential purchaser, depending on which spouse predeceased the other, may receive the whole property or nothing. In any event, the time of possession for that purchaser would not come until the survivorship interest of the debtor matured. Thus, a purchaser gets a present right to a future interest in property. The court outlines the law of entireties [15] in order to indicate that it is uncommon for survivorship rights to be sold based on their contingent nature. In fact, it is common for chapter 7 trustees to abandon such interests.

If debtor's right to survivorship may be sold pursuant to Miss.Code Ann. § 13–3–131, then such right is not exempt property under section 522(b)(2)(B). *See, e.g., In re Walls*, 45 B.R. 145 (Bankr.E.D. Tenn.1984). If the property is not exempt, it can be attached by West.

In light of this interpretation of the laws of Mississippi, the court must determine if debtor has proven that Short made a false representation that was material. Short testified that there were several properties owned by debtor listed in the newspaper for foreclosure. He stated that he told debtor that he could not execute on the home until he sold the businesses and applied those monies to the debt. Short alleged that he informed debtor that he had an exemption and that Short could attach his 1/2 interest over the exemption.

Short avers that there is equity in the properties other than the personal residence. However, the court notes that he did not seek to obtain a promissory note and deed of trust on those properties. Furthermore, debtor testified that the bank refused to lend him money using those properties as collateral stating that there was no equity. Also, the trustee has reported no available property for distribution over debtor's allotted exemptions.[16] Based on these facts, it is probable that Short intended to sell the personal residence, since it was the only property with equity set for foreclosure.

Although Short did not testify that he explained to debtor that the residence could not be sold and possession taken from debtor and his wife, he alleges he told debtor that he had an exemption. The facts indicate that Short told debtor that he would lose his home if he did not sign the note and deed of trust. Although Short may have attempted to inform debtor of his rights under the Bankruptcy Code and applicable Mississippi law, the court finds that he did not fully or accurately state the controlling law.

It is not reasonable that debtor would execute a note secured by his home to cover the judgment, only one day before the foreclosure sale was set, if he did not believe his home could be sold. Also, the court is hard-pressed to believe the debtor signed the note to save his businesses and not necessarily to save his home. Moreover, the residential property listed in the Sheriff's Conveyance [17] is described in its entirety, thus indicating that the entire property is subject to the execution. The court finds that Short represented that debtor's home would be sold without adequately explaining to debtor that only his expectancy interest could be sold. Short did not adequately apprise debtor of the difference between selling his expectancy interest and selling the entire property. Short's representation was false and material in that it induced debtor and his wife to sign a note and deed of trust and enhanced West's position. Although Short may not have had the intent to deceive, the facts show that he fell short of properly informing debtor of exactly what portion of his interest could be sold.

Short knew or should have known the applicable law as he took it upon himself to explain the law to debtor. Even if Short

15. *See generally, First American National Bank v. Carter (In re Carter)*, 14 B.R. 422, 426 (Bankr. M.D.Tenn.1981).

16. See Trustee's Report dated July 17, 1989.

17. Trial Exhibit 4.

was ignorant of the truth when discussing the sale with debtor, the fourth element of fraud is established.

The probable reason contemplated by Short for telling debtor about the sale was to induce debtor to rely on Short's version of the law, in order that debtor execute a promissory note and deed of trust in favor of West. Debtor was ignorant of the falsity of Short's statement that the house could be sold. Relying on Short's statements, debtor and his wife then executed the note giving West a security interest in the entire residential property, and not just debtor's expectancy interest.

Although debtor was not represented by counsel, once Short undertook to inform debtor of the law, he had a duty to be accurate and not to mislead debtor. Debtor reasonably relied on Short's representations, and so had a right to rely thereon. Short acted as an agent for West and debtor was alone to fend for himself. Yet, this transaction was not an arms length transaction "where each party is charged with taking all steps reasonably necessary to protect his interests". *Anderson v. Burt,* 507 So.2d 32, 41 (Miss.1987).

Based on the foregoing, the court finds that debtor and his wife were induced to execute a note secured by a deed of trust on their personal residence, by the false representations of Short which are imputed to West. The court may set aside a note and deed of trust for fraud. *C.f., First American National Bank at Iuka v. Mitchell,* 359 So.2d 1376 (Miss.1978), *reh'g denied,* July 12, 1978. Although the elements of fraud appear to have been proven by debtor, the court finds another means under the law to reach a just result in this case. A promissory note and deed of trust may be set aside or reformed on the ground that the promisor made a mistake of law which was induced by the promissee's inequitable conduct. *Cf., Whitworth v. Mississippi State Highway Comm.,* 32 So.2d 867 (Miss.1947), *modified,* 203 Miss. 94, 33 So.2d 612 (1948). "[W]hen the mistake of law is pure and simple, the balance of justice hangs even, but when error is accompanied by any inequitable conduct of the other party, the balance inclines in favor of the one who is mistaken." *Id.* (other citations omitted). Therefore, the court will set aside the note and deed of trust based on a mistake of law by debtor. A court of equity is justified in requiring the rescission of a contract and placing the parties in the status quo in order to alleviate an unjust result. *Terre Haute Cooperage, Inc. v. Branscome,* 203 Miss. 493, 35 So.2d 537 (1948).

In lieu of the above ruling, the court need not address whether the note and deed of trust were supported by consideration.

IT IS SO ORDERED.