CAMPBELL *v.* COVINGTON COUNTY.

(Division B. October 26, 1931.)

[137 So. 111. No. 29525.]

M. U. Munger, of Collins, for appellant.

M. U. Munger, of Collins, and **G. Q. Whitfield**, of Jackson, for appellant.

W. U. Corley, of Collins, for appellee.

Argued orally by **Garland Q. Whitfield**, for appellant.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action against the appellee, Covington county, in a justice of the peace court to recover the sum of one hundred fifty dollars as damages which appellant claimed he had suffered on account of the county taking and damaging, without authority of law, some of his land and trees in the construction of a public highway through his land. The trial in the justice of the peace court resulted in a judgment in the appellant's favor in the sum sued for. From that judgment, the county appealed to the circuit court, where there was a trial resulting in a verdict and judgment for the county. From that judgment the appellant prosecutes this appeal.

The court refused to instruct the jury at appellant's request to return a verdict in his favor on the question of liability.

There was an old road running through appellant's land from Collins to Williamsburg, thence to Mount Car-

mel, and thence to Prentiss. The right of the public to use this old road through appellant's land was acquired by prescription. There was no evidence that the right had been acquired either by condemnation, purchase, or dedication by appellant or any of his predecessors in title. There was, however, ample evidence to show that the road through the appellant's land had been used as a public highway for largely more than the prescriptive period of ten years.

The county undertook to convert this old highway into a modern state graveled highway. An engineer was employed, and plans and specifications for the construction of such highway were prepared by the engineer, which plans were adopted by the board of supervisors. This state highway was to be fifty feet in width. The appellant refused to give his consent to the widening of the highway. Notwithstanding his refusal, the county went on through its contractors and built the new highway through appellant's land.

The evidence showed, without substantial dispute, that the actual traveled space of the new highway is twenty-two feet from ditch to ditch through a part of appellant's land. In addition, there was taken several feet more in excavating, and this excavating destroyed two of appellant's trees. The basis of the appellant's suit was the additional land taken beyond the old road, and the destruction of his two trees. The evidence also showed, without conflict, that the new highway through appellant's land was several feet wider than the traveled part of the old highway.

Where a highway is established solely by user, its width, during and at the end of the period of prescription, is its established width and not the statutory width. Still, the public are not limited to the actual width used by them —the beaten path. The prescriptive right carries with it the beaten path and whatever is necessary to make the beaten path a usable highway, but this does not mean

that the prescriptive right carries with it the right in the public to lay out and construct an extended and enlarged highway; they are confined to the prescriptive right. 13 R. C. L., p. 58, sec. 49.

And, whether the right of way is acquired by condemnation or prescription, the title to the soil, and all the profits thereof consistent with the existence of the easement, remain in the original owner. The title of the owner, subject only to the easement, remains perfect, not only to the land covered by the highway, but to all the material within its boundaries, except such as may be needed to build or maintain the road. The owner has title to any superfluous earth, gravel, or rock, not necessary or useful to the construction or repair of the highway, and to all mines, quarries, trees, grass, springs of water, growing crops, pasturage upon and above the surface of the soil covered by the highway. But all these rights are subordinate to the use for which the land has been acquired by the public. The ownership of the trees in the highway remains in the proprietor of the fee, and, unless forbidden by statute, he may remove them at pleasure, having regard to the safety, and convenience of the traveling public. 29 C. J., sec. 259, p. 542; and 13 R. C. L., sec. 116, p. 130.

The witnesses for the county, as well as those for the appellant, testified that in the construction of the new highway the land and trees belonging to the appellant, which were no part of the old highway, were taken.

Under the principles above set out, we are of the opinion that the appellant was entitled to a peremptory instruction on the question of liability, and therefore the only question for the jury was as to the amount of appellant's damages.

Reversed and remanded.