INZER, Justice:
This is an eminent domain case. It comes to this Court on appeal by John J. Whitehead, Jr. from a judgment of the Circuit Court of Jackson County affirming a judgment of the County Court of Jackson County sitting as a special court of eminent domain. Appellant was awarded a judgment for $12,000 as damages for taking a part of his property, and from that judgment he appealed to the circuit court.
Appellant urges that the circuit court was in error in affirming the judgment of the county court for the following reasons:
1.That the verdict rendered and the judgment entered thereon violated the due process clauses of the Constitution of 1890 of the State of Mississippi and the Constitution of the United States in that there would be a taking of the appellant’s property without due process and just compensation.
2. That the trial court erred in refusing to grant a new trial on the grounds that the verdict of the jury was grossly inadequate and insufficient in the light of the entire record.
3. That the trial court erred in refusing to grant a new trial on the grounds that the verdict of the jury showed bias and prejudice on the part of the jury against the appellant and thereby shock the enlightened judicial conscience.
4. That the trial court erred in not allowing a new trial on the grounds that the verdict rendered was against the overwhelming weight of the evidence.
It is only necessary for a decision in this case to notice the first assignment of error. Under this assignment of error appellant argues that although the highway commission sought to condemn the land described in its application, on the trial of the case the commission limited the proof of damage to only a part of the land being condemned, and therefore, appellant is being deprived of part of his property without being duly compensated therefor. This contention arises by the failure of the commission to describe with certainty that part of appellant’s property it was condemning by virtue of these proceedings. The description in the petition is as follows :
Begin at the point of intersection of the Southerly right of way line of Elder Ferry Road, extended, with the center-line of present Mississippi Highway No. 63 at Highway Survey Station 175 ± 52.-9; from said point of beginning run thence North 72 degrees 197 East along *359 said Elder Ferry Road right of way line, extended, a distance of 45.9 feet to a line that is parallel with and 45 feet Easterly of the centerline of a proposed highway project as surveyed and staked by the Mississippi State Highway Department (said proposed highway project being known and designated as State Project No. SP 0142-0(2), being a segment of Mississippi Highway No. 63 thru Pasca-goula and Moss Point), thence run South 7 degrees 06' east along the last mentioned parallel line, a distance of 308.8 feet to the southerly line of defendants’ property; thence run south 82 degrees 54' west along the southerly line of defendants’ property, a distance of 45.0 feet to highway survey station 172 ± 53.3 on the proposed highway project center-line and the centerline of Mississippi Highway No. 63; thence run north 7 degrees 06' west along the proposed highway project centerline and the centerline of Mississippi Highway No. 63, a distance of 299.6 feet to the point of beginning of this parcel of land; containing 0.17 acres, more or less, exclusive of the right of way of present Mississippi Highway No. 63, and all being situated in and a part of Section 16, Township 7 South, Range 6 West, City of Moss Point, Jackson County, Mississippi. (Emphasis Added.)
It is apparent the above description does not describe the present right-of-way intended to be excluded. Section 2751, Mississippi Code 1942 Annotated (1956), requires that an application to condemn land must describe the land sought to be condemned with certainty. The landowner is entitled to know what portion of his property is being taken by the proceeding. It is admitted appellant owns the fee in the land to the center of the highway. The commission does not have a deed to its present right-of-way, but contends it has acquired title thereto by prescription. There is no doubt the State Highway Commission may acquire a right-of-way easement by prescription, but when its right-of-way is acquired solely by user, its width during and at the end of the period of prescription is its width established by use and not the statutory width. In Campbell v. Covington County, 161 Miss. 374, 137 So. 111 (1931), this Court said:
Where a highway is established solely by user, its width, during and at the end of the period of prescription, is its established width and not the statutory width. Still, the public are not limited to the actual width used by them — the beaten path. The prescriptive right carries with it the beaten path and whatever is necessary to make the beaten path a usable highway, but this does not mean that the prescriptive right carries with it the right in the public to lay out and construct an extended and enlarged highway; they are confined to the prescriptive right. 13 R.C.L., p. 58, sec. 49. (161 Miss, at 377,137 So. at 112).
In the trial of this case in the eminent domain court, the state limited its proof of damages to the landowner to that part of appellant’s land east of a fence which it contended marked the right-of-way it had acquired by prescription, while appellant introduced proof as to damage to a portion of the land west of the fence. This resulted in the eminent domain court attempting to try the right of title to land. This is not a proper function for a special court of eminent domain. This no doubt confused the jury, and the confusion was brought about by the failure of the commission to describe with certainty the right-of-way which it claims it has acquired by prescription and which was being excluded. The dispute between the land *360 owner and the commission as to the extent of the right-of-way acquired by prescription must be settled in a forum other than a special eminent domain court.
We have concluded that this case should be reversed and remanded. Upon remand the commission shall be required to describe with certainty that part of appellant’s land it seeks to condemn in these proceedings. Any dispute between the landowner and the commission as to the extent of the right-of-way acquired by prescription must be settled in some court other than the special court of eminent domain.
Reversed and remanded.
GILLESPIE, C. J., and JONES, BRADY and SUGG, JJ., concur.