954 So.2d 526 (2007)
Ance HAWKINS, Appellant
v.
SMITH COUNTY, Mississippi, Appellee.
No. 2004-CA-01117-COA.
Court of Appeals of Mississippi.
April 24, 2007.
*527 Paul E. Rogers, Jackson, attorney for appellant.
Stanley A. Sorey, Raleigh, attorney for appellee.
Before LEE, P.J., GRIFFIS and ROBERTS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Smith County obtained a permanent injunction against Ance Hawkins to prevent him from placing any object along or across Smith County Road 12. On appeal, Hawkins argues that Smith County Road 12 is not a public road or, in the alternative, that the County has exceeded the boundaries of the public road by upgrading it. We find no error and affirm.

FACTS
¶ 2. Hawkins is the record owner of a parcel of property in Smith County, Mississippi. The road in question, Smith County Road 12, runs along the northern boundary of his property. In 2003, Smith County made additional improvements to *528 this road, which included replacing a broken drainage culvert, building up the roadbed, and laying asphalt. Hawkins informed a supervisor that he knew how to "repossess" his property. A short time later, in order to "repossess" his property, Hawkins placed twelve to fourteen metal sign posts near the middle of the road each connected with metal wire. Atop each of the posts was a sign that stated "POSTED-No Trespassing." Not long after the posts were placed in the road, a traveler on Smith County Road 12 hit at least one sign post while driving and notified his local supervisor about the incident.
¶ 3. This incident prompted Smith County to file an application for a preliminary and permanent injunction against Hawkins for interfering with travel on the road. After a hearing on the temporary injunction on March 12, 2004, the trial court found that Hawkins had closed drainage culverts, placed metal fence posts in the middle of the road, and stopped travelers going up and down the road to tell them not to trespass on the southern side of the road. The trial court found this conduct was a danger to the traveling public and issued the temporary injunction.
¶ 4. The trial court held a hearing on the application for a permanent injunction on March 19, 2004. Based on the evidence presented, the trial court found, among other things, that the road had been used by the traveling public for at least twenty-five years prior to the filing of this application. Without giving a specific reason, the trial court held that Smith County Road 12 was a public road. The trial court granted the permanent injunction and ordered that Hawkins should cease and desist "from interfering with, threatening, or endangering the traveling public on and along" Smith County Road 12. Aggrieved, Hawkins now appeals.

STANDARD OF REVIEW
¶ 5. The circuit court judge sat without a jury and we afford him the same standard of review as that of a chancellor. Chantey Music Publ., Inc. v. Malaco, Inc., 915 So.2d 1052, 1055(¶ 10) (Miss.2005). Therefore, we will not disturb the trial judge's findings unless they are "manifestly wrong, clearly erroneous, or an erroneous legal standard was applied." Id. (citing Hill v. SE. Floor Covering Co., 596 So.2d 874, 877 (Miss.1992)).

ANALYSIS
¶ 6. Hawkins argues that the injunction was erroneously ordered because the road in question was not a public road or the width of the road after the improvements were made exceeded the county's rights. In the event that the road is a private road, Hawkins argues that he would be allowed to prevent the public from coming onto the portion of the road that lays on his property.
I. Whether Smith County Road 12 is a public road.
¶ 7. The trial court's order did not state when or how the road became a public road. Instead, the judge included in his findings that the road was public and had been in use for at least twenty-five years prior to the filing of the application for an injunction. It is also clear that the land on which the road is situated (at least half of the road) is in fact land that is owned by Hawkins. Therefore, this Court will examine whether the road ever became public through one of the available methods.
¶ 8. A private road may become a public road by three methods, "by prescription or dedication, as well as by being laid out and established in accordance with statutory provisions." Coleman v. Shipp, 223 Miss. 516, 530, 78 So.2d 778, 784 *529 (1955). The method by which a road becomes public is immaterial. Armstrong v. Itawamba County, 195 Miss. 802, 817, 16 So.2d 752, 757 (1944) (quoting Rylee v. State, 106 Miss. 123, 125, 63 So. 342 (1913)). Therefore, only one method need be examined, and that is the method of dedication.
¶9. There are two types of dedication, express and implied. The evidence does not support a conclusion that Hawkins made an express dedication of the road for public use. While Hawkins did state that he would let the county have eight to ten feet of his property, it was merely contingent on a similar grant from his neighbors. On the other hand, through long-standing permission to all the public to travel along this road there could be an implied dedication. Armstrong, 195 Miss. at 816, 16 So.2d at 757. It can arise from:
those acts which unequivocally manifest an intention that the community shall have and enjoy a highway on his private property. When the public accepts his offer there has been consummated that which is of equal import with a contract or grant, and there has been accomplished what is expressed by the term "dedication."
Id. (quoting Kinnare v. Gregory, 55 Miss. 612, 620-21 (1878)).
¶10. There was evidence to support a finding of an implied dedication. According to Hawkins's own testimony, the road had been used by the public for over fifty years. There was no evidence to suggest that any person was ever precluded from using the road. In fact, the testimony revealed that the road was built so that school buses could pick up children in the 1950's. Over the course of fifty years, the intention of the road was to allow the public easy access along the road. The only time that Hawkins revealed any contrary intentions was when he placed the no trespassing signs on the road. At that point, it was too late to remove the implied dedication. By that time, the county had already shown its acceptance when it replaced a broken culvert, hauled in dirt to build the road up, and paved the road.
¶ 11. In addition, the record supports the trial court's finding that the road was maintained by Smith County more than ten years before it was adopted in the official county road map on June 30, 2000. As the supreme court stated, "[w]hen the public accepts his offer there has been consummated that which is of equal import to a contract or grant, there has been accomplished what is expressed by the term `dedication.'" Armstrong, 195 Miss. at 816, 16 So.2d at 757 (citing Kinnare, 55 Miss. at 621).
¶ 12. Based on the appropriate standard of review, we find no error in the trial court's finding that Smith County Road 12 was a public road, and Hawkins was precluded by statute from interfering with or blocking travelers along the road. Miss. Code Ann. § 65-7-7 (Rev.2005).
II. Whether the County exceeded the boundaries of the public road
¶ 13. Hawkins also argued that the County, while paving the road, expanded the road beyond the old roadbed, which was a public road. Hawkins is correct that the road cannot be enlarged past its established width. Campbell v. Covington County, 161 Miss. 374, 137 So. 111, 112 (1931). The road was widened in some places, but that was only on the north side of the road. Hawkins's property lies only to the south of the road. Therefore, any expansion would not have taken away any of Hawkins's property. Besides replacing a broken culvert, the only changes to the road were the laying of dirt and asphalt. These were acceptable improvements to the road. Smith County was merely making *530 the road a usable highway as allowed by our case law. Id. Without interfering with Hawkins's property by expanding the road to the south, Smith County was within its authority to make the improvements to Smith County Road 12.

CONCLUSION
¶ 14. The trial court correctly found that Smith County Road 12 was a public road and committed no error in granting the permanent injunction preventing Hawkins from interfering with the public travelers using the road. Therefore, the decision of the trial court is affirmed.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF SMITH COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.