LEE, P.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On August 18, 2003, Lakeshia Denise Carr filed a criminal complaint with the Ruleville Police Department against her estranged boyfriend, Rodney White. Carr stated that White had threatened her with a gun. Carr and White had a history of domestic problems, which were caused by White. An arrest warrant for White was issued shortly thereafter. Larry Mitchell, acting Chief of the Ruleville Police Department, interviewed Carr at the time she filed the complaint and prepared the arrest warrant. Chief Mitchell was unable to locate White. The conduct of Chief Mitchell’s search for White is at issue in this appeal.
 

 ¶ 2. On August 26, 2003, Carr was at her mother’s home near Drew, Mississippi when White entered the home, shot and killed Carr, and then killed himself. Carr’s mother, Minnie Macfield, on behalf of Carr’s estate, filed a wrongful death suit in the Sunflower County Circuit Court against the City of Ruleville and the City of Drew. The complaint against the City of Drew was later dismissed. The suit, which was filed pursuant to the Mississippi Tort Claims Act, Mississippi Code Annotated
 
 *457
 
 sections 11-46-1 to 11-46-23 (Rev.2002), alleged that the City of Ruleville (the City) failed to take reasonable steps to find White or otherwise protect Carr from White.
 

 ¶ 3. After a bench trial on the matter, the trial court concluded that the actions of Chief Mitchell in attempting to execute the warrant were discretionary in nature; thus, the City was entitled to the discretionary function immunity pursuant to Mississippi Code Annotated section 11-46-9(l)(d) (Rev.2002). Macfield now appeals, asserting that the trial court erred by applying the wrong legal standard to the conduct of the City.
 

 STANDARD OF REVIEW
 

 ¶ 4. The standard of review for a judgment entered following a bench trial is well settled. “ ‘A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor,’ and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence.”
 
 City of Jackson v. Perry,
 
 764 So.2d 373, 376(¶ 9) (Miss.2000) (quoting
 
 Puckett v. Stuckey,
 
 633 So.2d 978, 982 (Miss.1993)). This Court reviews errors of law, which include the proper application of the Mississippi Tort Claims Act, de novo.
 
 Id.
 

 DISCUSSION
 

 ¶ 5. On appeal, Macfield argues that the trial court erred by applying the wrong legal standard to the conduct of the City. Specifically, Macfield contends that the trial court should have determined whether Chief Mitchell acted with reckless disregard of Carr’s safety, and the trial court erred in determining that Chief Mitchell’s conduct involved a discretionary function. Sections 11 — 46—9(l)(c) and (d) state the following:
 

 (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
 

 (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury;
 

 (d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.
 

 ¶ 6. “In determining whether governmental conduct is discretionary[,] the Court must answer two questions: (1) whether the activity involved an element of choice or judgment; and if so, (2) whether the choice or judgment in supervision involves social, economic[,] or political policy alternatives.”
 
 Bridges v. Pearl River Valley Water Supply Dist.,
 
 793 So.2d 584, 588(¶ 15) (Miss.2001). Regarding the first question, we must determine whether the function is discretionary or ministerial.
 
 Dancy v. East Miss. State Hosp.,
 
 944 So.2d 10, 16(¶ 19) (Miss.2006). The supreme court has held that a function or duty is discretionary “[w]hen an official is required to use his own judgment or discretion in performing a duty....”
 
 Harris v. McCray,
 
 867 So.2d 188, 191(¶ 12) (Miss. 2003). A function is considered ministerial “[if] the duty is one which has been positively imposed by law and its performance required at a time and in a manner or upon conditions which are specifically designated, the duty to perform under the conditions specified not being dependent upon the officer’s judgment or discretion.”
 
 *458
 

 L.W. v. McComb Separate Mun. Sch. Dist.,
 
 754 So.2d 1136, 1141(¶22) (Miss. 1999).
 

 ¶ 7. In finding that Chief Mitchell’s conduct in executing the arrest warrant was discretionary, the trial court stated the following:
 

 Clearly, the manner in which Chief Mitchell elected to execute the arrest warrant involved the exercise of discretionary function. The decision of how to execute a warrant includes an analysis of basic investigative decisions, including, the decision of what type of investigation to conduct prior to the execution of the warrant, considerations of resources, risk, and danger, the urgency of capturing the subject, and whether to execute the warrant at night or during the day, inside or outside of a house, and with or without force. All of which involved profoundly difficult policy or judgment considerations.... The claims herein asserted arise from the performance of discretionary functions, the City of Ruleville has sovereign immunity for the claims asserted by the Plaintiff by virtue of Miss.Code Ann. § 11-46-9(l)(d).
 

 We find sufficient evidence to support the trial court’s findings. Immediately upon executing the arrest warrant, Chief Mitchell began searching for White. Chief Mitchell was informed by Carr that White could be found at Carr’s house in the morning before Carr left for work or at White’s grandmother’s house in Drew. Chief Mitchell arranged for Carr’s house to be monitored for several mornings at the time Chief Mitchell was informed White was usually there. Chief Mitchell also personally visited Carr’s house on more than one occasion and also interviewed Carr’s neighbors. Chief Mitchell sent a copy of the arrest warrant to the Drew Police Department, whereupon an officer was dispatched to White’s grandmother’s house. Tom Long, an expert in the fields of law enforcement practice and procedure, testified that serving an arrest warrant involves the exercise of discretion, and Chief Mitchell’s actions in attempting to execute the search warrant were reasonable and appropriate under the circumstances.
 

 ¶8. Because the trial court determined that the City was entitled to the discretionary function immunity, it did not address whether the City was immune under the police protection provision of section 11-46-9(l)(c). Therefore, we do not find it necessary to discuss Macfield’s remaining issue.
 

 ¶ 9. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ, CONCUR.