MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. On January 5, 2006, Lisa Bryant (Bryant) and Jimmy D. Bryant (collectively, the Bryants) filed a complaint in Rankin County Circuit Court against Doris Jones, Wallace L. Jones, and Janice T. Jones, seeking to recover damages for injuries suffered by Bryant in an automobile accident that occurred on Monterey Road, in Rankin County, Mississippi.
 
 [1]
 
 The Rankin County Board of Supervisors (Board of Supervisors) was initially added as a defendant, but it was voluntarily dismissed without prejudice. Shortly thereafter, the Bryants filed a separate complaint against the Board of Supervisors seeking to recover damages suffered by Bryant in the same accident. The cases were subsequently consolidated. On August 16, 2007, the trial court entered summary judgment for the Board of Supervisors.
 

 FACTS
 

 ¶ 2. On July 25, 2005, Bryant was traveling north on Monterey Road in Rankin County. A motorist traveling south on Monterey Road came into her lane. To avoid a collision with the southbound automobile, Bryant swerved to the right causing her vehicle to travel on the shoulder of the northbound lane of Monterey Road. Before Bryant could steer her vehicle back on to Monterey Road, she collided with Jones’s mailbox. Jones had constructed a brick and mortar mailbox and placed it on the shoulder of Monterey Road to service her residence. The collision totaled Bryant’s car and caused injuries to Bryant’s lower extremities and midsection. Bryant underwent emergency surgery on the day of the accident and multiple surgeries thereafter to repair the injuries she suffered as a result of the accident. She has also sought further medical treatment for her injuries.
 
 [2]
 

 ¶ 3. Bryant appeals the trial court’s grant of summary judgment arguing that: (1) the trial court erred by ignoring the duties imposed by statute on the Board of Supervisors to inspect Monterey Road, failing to remove obstructions from the road, and the failure of the defendants to perform those statutory duties; (2) the trial court committed reversible error by failing to acknowledge a factual dispute on whether the county owned the property, whether the county had notice of a danger
 
 *921
 
 ous condition, and whether the county had a reasonable opportunity to protect against the dangerous condition; and (3) the trial court committed reversible error by failing to find that the constitutional prohibitions on donations prevented the defendants, the Board of Supervisors and Rankin County, from allowing a private party to locate a mailbox on county property and failing to find that the unlawful gratuity was a cause of the injuries suffered by the plaintiffs.
 

 STANDARD OF REVIEW
 

 ¶ 4. For a summary judgment motion to be granted there must exist no genuine issues of material fact and the moving party must be entitled to judgment as a matter of law. M.R.C.P. 56(c). We apply a de novo standard of review to a trial court’s grant of summary judgment.
 
 Moss v. Batesville Casket Co.,
 
 935 So.2d 393, 398(¶ 15) (Miss.2006). “The moving party has the burden of demonstrating that no genuine issue of material fact exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact.”
 
 Howard v. City of Biloxi,
 
 943 So.2d 751, 754(¶4) (Miss.Ct.App.2006).
 

 DISCUSSION
 

 I. WHETHER THE TRIAL COURT ERRED BY FAILING TO ACKNOWLEDGE A FACTUAL DISPUTE CONCERNING THE OWNERSHIP OF THE PROPERTY.
 

 ¶ 5. The Board of Supervisors contend they are immune from liability under the Mississippi Tort Claims Act (MTCA). Bryant argues that the Board of Supervisors created a dangerous condition which would bring the Board of Supervisors out from the protective shield of the MTCA. In order to state a cause of action under the dangerous condition exemption of the MTCA, a plaintiff must show: (1) a dangerous condition, (2) on the government entity’s property, (3) which the government entity caused, or of which it had notice, either actual or constructive, and time to protect or warn against, and (4) that the condition was not open and obvious. Miss.Code Ann. § ll-46-9(l)(v) (Rev.2005).
 
 [3]
 

 See Lowery v. Harrison County Bd. of Supervisors,
 
 891 So.2d 264, 267(¶ 12) (Miss.Ct.App.2004). Applicability of this section begins with a determination of which party owned the subject property.
 

 ¶ 6. Each party submitted evidence regarding ownership on the right-of-way on Monterey Road. Bryant submitted two surveys conducted by T.E. McDonald. The surveys concluded the mailbox was located on the north right-of-way on Mon-terey Road, and not on Jones’s property. Bryant also submitted affidavits of two lay persons who live on Monterey Road. Their affidavits stated they both have witnessed Rankin County personnel control and maintain the shoulders and ditches of Monterey Road, and it was their understanding that Rankin County owned the property on each side of Monterey Road. Their observations are buttressed by the
 
 *922
 
 affidavit of the current Rankin County road manager stating that Rankin County maintains Monterey Road. Lastly, Bryant submitted an affidavit from Mark Bailey, an engineer with extensive experience. Bailey investigated the accident, which included reviewing the warranty deed granting the land to Jones. Based upon his review of the warranty deed and McDonald’s surveys, Bailey concluded that the mailbox lies outside of Jones’s property.
 

 ¶ 7. The Board of Supervisors argued that the mailbox was not located on county property. In support of its contention, the Board of Supervisors cites an affidavit and title opinion of an attorney claiming the property was never conveyed to Rankin County; thus, they did not own the property. The Board of Supervisors also submitted an affidavit of the county engineer asserting that Monterey Road is not maintained as a state-aid road, nor, to his knowledge, had any state-aid funds been used on improving Monterey Road, or had any state-aid inspections been performed on Monterey Road.
 

 ¶ 8. Viewing the evidence in the light most favorable to the Bryants, the trial court was correct in granting summary judgment on this issue. The Bryants provided surveys, reports, and affidavits regarding ownership of the property. This evidence never established that Rankin County owned the property where the mailbox was located. The evidence only asserted that Jones did not own the property. On the other hand, the Board of Supervisors provided a title opinion stating that Rankin County never owned the property and an affidavit of the county engineer stating that Monterey Road is not a state-aid road. Thus, Bryant’s evidence failed to establish that Rankin County owned the property where the mailbox was located.
 

 ¶ 9. Because Bryant failed to prove the mailbox was located on property owned by Rankin County, it is not necessary to address the following issues: whether the mailbox was a dangerous condition, whether the Rankin County defendants had knowledge of the dangerous condition, and whether the dangerous condition was open and obvious, as all prongs of Mississippi Code Annotation section 11 — 46—9(1)(v) must be met. Therefore, we affirm the trial court’s grant of summary judgment regarding ownership of the property.
 

 II. WHETHER THE TRIAL COURT ERRED BY FAILING TO FIND A DONATION.
 

 ¶ 10. Mississippi Constitution Article 4, section 66 and 95 of 1890 prohibits the state from donating lands under its control to private corporations or individuals. As discussed above, there is insufficient evidence to determine that Rankin County owns the property where the mailbox is located. Without evidence that Rankin County owns the subject property, a donation analysis is futile. Accordingly, this issue will not be addressed.
 

 III. WHETHER THE TRIAL COURT ERRED BY IGNORING THE STATUTORY DUTIES IMPOSED ON THE RANKIN COUNTY BOARD OF SUPERVISORS TO INSPECT AND REMOVE OBSTRUCTIONS FROM MONTEREY ROAD.
 

 ¶ 11. Bryant contends the Board of Supervisors breached its statutory duty under Mississippi Code Annotated section 65-7-7 (Rev.2005). That section reads in part: “If any person shall fell any bush or tree and leave any portion thereof in any stream or on any public highway, road, or ditch draining the roadway or obstruct the same in any manner whatsoever, and not immediately remove the obstruction, the overseer of the road shall remove the same ...” Miss.Code Ann. § 65-7-7. However,
 
 *923
 
 the obstruction must prevent passage on the road for this section to be applicable.
 
 See Hawkins v. Smith County,
 
 954 So.2d 526, 528-29 (¶¶2, 12) (Miss.Ct.App.2007) (finding metal signs connected with metal wire in the middle of the road and placing metal posts in the middle of the road were obstructions to a public road). Miss. Att’y Gen. Op. 96-0129,
 
 Hyche
 
 (March 22, 1996) (finding a gate placed across a public street permitting access by the general public only during certain hours of the day was an obstruction), and Miss. Att’y Gen. Op. 93-0926,
 
 Allen
 
 (Jan. 12, 1994) (finding a cattle gap is not an obstruction).
 

 ¶ 12. The record clearly shows Jones’s mailbox was not an obstruction under Mississippi Code Annotated section 65-7-7. The mailbox did not impede or prevent motorists from traveling on Monterey Road. The mailbox sat idly along the roadside not affecting the flow of traffic on Monterey Road. Moreover, the mailbox was in place for ten years before Bryant’s collision with it. An obstruction in place for ten years clearly would have been removed if it prevented the flow of traffic on Monterey Road. Thus, the mailbox is not an obstruction contemplated under Mississippi Code Annotated section 65-7-7.
 

 ¶ 13. Bryant also argues the Board of Supervisors breached their statutory duty to inspect every road, bridge, and ferry in each district.
 
 See
 
 Miss.Code Ann. § 65-7-117 (Rev.2005).
 

 ¶ 14. In response to interrogatories, the Board of Supervisors admitted they were not aware of any inspection done by them, individually or as a group, of Monterey Road. However, the road manager stated in an affidavit that the Rankin County Road Management Department (Road Management Department) maintains Mon-terey Road, which would inferably include an inspection of the road, and it reports to the findings to the Board of Supervisors. The Road Management Department is an agent of the county and the Board of Supervisors.
 
 See
 
 Miss.Code Ann. § 65-17-1(2) (Rev.2005). By the Road Management Department conducting an inspection of Monterey Road as an agent for the Board of Supervisors, this satisfies the Board of Supervisor’s statutory duty. To hold otherwise would unduly burden the board of supervisors of each county.
 

 ¶ 15. The trial court correctly determined that the Board of Supervisors did not breach its statutory duty under Mississippi Code Annotated section 65-7-117. The mailbox was not an obstruction of the nature that is addressed in Mississippi Code Annotated section 65-7-7, as it did not impede or prevent traffic from traveling on Monterey Road. Although the Board of Supervisors admittedly failed to personally inspect Monterey Road, the Road Management Department, as an agent for the Board of Supervisors did conduct an inspection of the road and, thus, satisfied the requirements of Mississippi Code Annotated section 65-7-117.
 

 CONCLUSION
 

 ¶ 16. The Bryants argue the trial court erred in granting summary judgment to the Board of Supervisors. The Bryants failed to produce sufficient evidence to conclude that Rankin County owned the subject property. Without a finding that Rankin County owned the property, a donation of state property cannot be found. The Bryants also argue that the Rankin County defendants violated their statutory duty to remove obstructions from the roadway and to conduct an inspection of the road. The mailbox did not prevent the flow of traffic on Monterey Road and, thus, was not an obstruction. Additionally, although the Rankin County defendants admitted failing to inspect Monterey Road, the Road Management Department, as an agent for
 
 *924
 
 the Board of Supervisors, did conduct an inspection of Monterey Road, thereby fulfilling the Rankin County defendants’ statutory duty.
 

 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COST OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT.
 

 [1]
 

 . Wallace L. Jones, who is married to Janice T. Jones, conveyed the house on Monterey Road to Michael and Doris Jones. Michael and Doris Jones are now divorced, and Doris Jones (Jones) resides at the house.
 

 [2]
 

 . According to Bryant’s brief, the additional medical treatment includes pain management, such as injections, physical therapy, and an orthopedic brace that she wears on her lower extremity.
 

 [3]
 

 . Mississippi Code Annotated section 11-46-9(l)(v) provides:
 

 (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
 

 (v) Arising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care.