# Third District Court of Appeal

## State of Florida

Opinion filed June 21, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1847
Lower Tribunal No. 20-14533
_____

**Maritza Castro and Nancy Maura,**
Appellants,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

Giasi Law, P.A., Melissa A. Giasi and Erin M. Berger (Tampa), for appellants.

Roig Lawyers, and Abbi Freifeld Carr (Deerfield Beach) and Jeffrey R. Geldens, for appellee.

Before EMAS, LINDSEY and HENDON, JJ.

EMAS, J.

**INTRODUCTION**

Appellants seek review of a final summary judgment entered in favor of Citizens Property Insurance Corporation (Citizens) on a breach of contract claim filed by Maritza Castro. We review this order de novo, Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 76 So. 2d 126 (Fla. 2000) and for the reasons that follow, we reverse and remand with directions to vacate the final summary judgment.

**FACTS AND PROCEDURAL HISTORY**

Castro alleged that her property suffered a covered loss when, on September 10, 2017, Hurricane Irma struck South Florida, resulting in an opening in the roof of Castro's home and ensuing water damage. Castro's home was insured by Citizens, and it is undisputed that Castro did not notify Citizens of this loss until February 21, 2020. Citizens inspected the property and denied coverage on April 14, 2020, concluding that it was presumptively and actually prejudiced in its ability to investigate, evaluate and adjust the claim, given Castro's delay in providing notice and supporting documentation.

On July 10, 2020, Castro filed a one-count complaint for breach of contract against Citizens.[1] Citizens answered the complaint and asserted two affirmative defenses: (1) failure to give prompt notice of the loss as required by the policy; and (2) failure to provide a timely sworn proof of loss.

Thereafter, Citizens filed a motion for summary judgment, asserting that Castro's delay of more than two years in providing notice of the loss prevented Citizens from conducting a proper investigation, that it was presumptively prejudiced, and that Castro could not rebut the presumption of prejudice, because there was no evidence of the property's condition just after Hurricane Irma in September 2017, a year later in 2018, or even two years later in 2019.

Castro responded to the motion for summary judgment, asserting that: the property was rented at the time of Hurricane Irma; the tenant did not notify her of any damage following Irma; she did not become aware of the damage to her property until February 2020 when her tenant moved out of the property; and she promptly notified Citizens upon becoming aware of the loss and within three years of the date of the loss in accordance with the policy terms and section 627.70132, Florida Statutes. Castro contended that

---

[1] The complaint was subsequently amended to add Nancy Maura, an additional insured, as a plaintiff to the action.

3

her notice was therefore timely, or at a minimum there were genuine issues of material fact as to whether Citizens was prevented from conducting a complete and thorough investigation.

Specifically, Castro pointed to the fact that Citizens failed to engage a professional engineer, instead hiring a field adjuster who was not qualified to, and not tasked with, determining the cause and origin of the property damage. Castro attached photos, her own affidavit, the deposition and affidavit of Jerry Saul (the field adjuster hired by Citizens to inspect the property), and an affidavit from Luis Pappaterra, a Florida licensed engineer. Mr. Pappaterra opined that hurricane winds on or about September 10, 2017 caused the roof damage. He also averred that his inspection of the property (on June 18, 2021) was not prejudiced in any way by the passage of time because the roofing system had not been altered from the reported date of loss to the date of inspection.

The trial court granted summary judgment in favor of Citizens. Specifically, the trial court found that Castro failed to give prompt notice of the loss, thus triggering the presumption of prejudice, and that Castro failed to rebut this presumption by establishing Citizens was not prejudiced by the failure to provide prompt notice of the loss (or that there was an issue of

4

material fact relative to same). Final judgment was entered, Castro's motion for rehearing was denied, and this appeal followed.

**ANALYSIS AND DISCUSSION**

On appeal, Castro contends that the trial court erred in determining that, as a matter of law, providing notice to Citizens more than two years after the loss could not constitute prompt notice. Castro posits that the relevant focus should have been on when Castro became aware of the loss and whether her actions were reasonable in light of that awareness. Castro argues that because she provided an affidavit explaining the delay in reporting the loss, and establishing that she reported it promptly upon discovering it, there remains a genuine issue whether she complied with her duty under the policy to promptly report the loss.

Castro further contends that, even if there was not prompt notice of the loss, the Pappaterra affidavit established a genuine issue of disputed fact regarding whether Citizens was prejudiced.

It is undisputed that Castro did not provide notice of the loss until nearly two-and-a-half years after Hurricane Irma. This court has previously held that "'if the insured breaches the notice provision, prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice'" Hope v. Citizens Prop. Ins. Corp., 114

5

So. 3d 457, 459 (Fla. 3d DCA 2013) (quoting <u>Bankers Ins. Co. v. Macias</u>, 475 So. 2d 1216, 1218 (Fla. 1985)). "Once the presumption of prejudice is raised in favor of the insurer, the burden shifts to the insured to show that the insurer was not prejudiced by untimely pre-suit notice of loss." <u>Id.</u> <u>See also</u> <u>Navarro v. Citizens Prop. Ins. Corp</u>, 353 So. 3d 1276, 1279 (Fla. 3d DCA 2023) (noting the two-step process in Florida: "'The first step in the analysis is to determine whether . . . the notice was timely given.' Second, 'if the notice was untimely then prejudice to the insurer is presumed.' That presumption may nevertheless be rebutted if the insured demonstrates the insurer has not been prejudiced by the untimely notice" (internal citations omitted)).[2]

---

[2] The policy in the instant case provides, in relevant part:

> In case of a loss to covered property, we have no duty to provide coverage under this Policy **if the failure to comply with the following duties is prejudicial to us**. These duties must be performed either by you, an insured seeking coverage, or a representative of either:
>
> 1. Give prompt notice to us or your insurance agent.

(Emphasis added).

We are aware that the Fourth District Court of Appeal has held that the failure to give prompt notice under an insurance policy containing this identical language does <u>not</u> trigger a presumption of prejudice and thus does not relieve the insurer of its burden to establish prejudice from the insured's failure to give prompt notice of the loss. <u>See e.g.,</u> <u>Perez v. Citizens Prop.</u>

Castro acknowledges the precedent in this court, but asserts that (1) the presumption was not triggered because there remained a factual dispute as to whether her notice was prompt under the policy (due to her lack of knowledge of the existence of the loss) and (2) even if her notice was not prompt, and even if prejudice to Citizens was presumed, she provided evidence to rebut the presumed prejudice (and at the very least, established a genuine issue of fact in dispute) with the affidavit of Mr. Pappaterra.

As to the first argument, this court, in Navarro, 353 So. 3d at 1276, noted that the word "prompt," in terms of notice, "is synonymous with 'forthwith,' 'immediate,' and 'as soon as practicable.' Stated differently, to satisfy the obligation to provide prompt notice, such 'notice should be provided 'with reasonable dispatch and within a reasonable time in view of

_____

Ins. Corp., 345 So. 3d 893 (Fla. 4th DCA 2022).  See also Godfrey v. People's Trust Ins. Co., 338 So. 3d 908 (Fla. 4th DCA 2022) (holding insured's failure to provide sworn proof of loss does not alleviate insurer's burden to establish prejudice); Arguello v. People's Trust Ins. Co., 315 So. 3d 35 (Fla. 4th DCA 2021) (same).  See also SFR Servs, LLC v. Hartford Ins. Co. of the Midwest, 609 F.Supp.3d 1287 (S.D. Fla. 2022) (agreeing with the Fourth District that there is no presumption of prejudice). However, our binding precedent would, at least implicitly, appear to be otherwise.  Navarro v. Citizens Prop. Ins. Corp., 353 So. 3d 1276 (Fla. 3d DCA 2023) (reaffirming application of the presumption of prejudice in the context of an insured's failure to provide prompt notice under an insurance policy with identical language).  Given our disposition of this appeal, we do not further address application of the presumption of prejudice to such policy language, or whether there exists a conflict between the decisions of this court and those of the Fourth District.

7

all the facts and circumstances of the particular case.' The obligation to provide notice arises 'when there has been an occurrence that should lead a reasonable and prudent man to believe that a claim for damages would arise'" (internal citations omitted). See also Laquer v. Citizens Prop. Ins. Corp., 167 So. 3d 470 (Fla. 3d DCA 2015). Whether notice was provided in a prompt manner is ordinarily a question for the factfinder, id. at 474; Cordero v. Fla. Ins. Guaranty Ass'n, Inc., 354 So. 3d 1150 (Fla. 2d DCA 2023), but "if the undisputed evidence will not support a finding that the insured gave notice to the insurer as soon as practicable, then a finding that notice was timely given is unsupportable." Lobello v. State Farm Fla. Ins. Co., 152 So. 3d 595, 600 (Fla. 2d DCA 2014).

Our decision in Navarro—also arising out of a Hurricane Irma claim-- is instructive. In Navarro, the insured filed suit against Citizens for breach of contract, asserting the home in which he was living was damaged by Hurricane Irma on September 10, 2017. Citizens denied the claim because, inter alia, Navarro did not provide notice of the loss until May 5, 2020. The trial court granted summary judgment in favor of Citizens, upon a determination that the insured's notice to the insurer was not prompt, raising a presumption of prejudice which Navarro failed to rebut. We affirmed, noting the insured's own deposition testimony in which Navarro

acknowledged that he noticed leaks throughout his residence the day after Irma struck; he observed roof leaks in his house and attempted to make repairs approximately a month after the hurricane; he made even more roof repairs, including replacing roof tiles, the following year; but waited more than two and a half years to report the claim. Navarro conceded that "his only explanation for failing to report the damages to Citizens was a lack of fluency with the terms of the policy." Navarro, 353 So. 3d at 1279. We affirmed the final summary judgment, holding there was no genuine issue of fact in dispute whether Navarro acted "with reasonable dispatch and within a reasonable time." Id. at 1280 (quoting Laquer, 167 So. 3d at 474).

In Laquer, 167 So. 3d at 474, this court held that despite a nearly three-year delay in providing notice to Citizens, "issues of fact exist[ed] concerning when a reasonable and prudent person would believe that a potential claim for damages might exist," precluding summary judgment. Specifically, the evidence established that "damage to Laquer's unit or the interior of the wall was not apparent until several years after Hurricane Wilma:[3] no one, including Laquer, her tenant, her housekeeper, and the condominium

---

[3] Of note, this court said: "Contrary to Citizens' contention, the hurricane itself was not necessarily the event that would trigger the notice requirement, given the absence of apparent damage to any of Laquer's property following the storm." Laquer v. Citizens Prop. Ins. Co., 167 So. 3d 470, 474 (Fla. 3d DCA 2015).

9

manager and his agents who regularly visited Laquer's unit, was able to observe any damage to the wood flooring or walls of the unit prior to [the notice date] or was otherwise put on notice to further inspect for damage." Id. at 474. The Laquer court did note, however, that the date the insured discovered the full extent of the damage was not necessarily the triggering date either.  Id. at 474-75 (citing 1500 Coral Towers Condo. Ass'n, Inc. v. Citizens Prop. Ins. Co., 112 So. 3d 541, 543-44 (Fla. 3d DCA 2013)).

**CONCLUSION**

In this case, the damage to Castro's property is alleged to have been caused in September 2017, but was not reported until February 2020.  This passage of time was explained by Castro, who averred that the property was occupied by a tenant during that time period, that the tenant never advised Castro of any damage, and that Castro herself was unaware of any damage to her property until the tenant moved out of the property in February 2020. Castro provided Citizens with notice of the loss less than three weeks after becoming aware of damage to her property. Given the evidence submitted by Castro in opposition to the motion for summary judgment, and in view of all the facts and circumstances of the particular case, a genuine issue of disputed fact remains as to whether Castro gave prompt notice of the loss,

10

precluding summary judgment. Accordingly, we reverse and remand for the trial court for further proceedings.